CAMP BIRD, Limited, v. HOWBERT, Collector of Internal Revenue.

(Circuit Court of Appeals, Eighth Circuit. February 1, 1918.)

No. 4939.

1. INTERNAL REVENUE &#8660;38—CORPORATION TAXES—ADDITIONAL ASSESSMENT—RECOVERY.

In view of the fact that it was enacted as part of the legislation imposing a general system of internal revenue to meet the financial burdens of the Civil War, Rev. St. § 3225 (Comp. St. 1916, § 5948), declaring that, when a second assessment is made, in case of any list, statement, or return which in the opinion of the collector was false or fraudulent, or contained any understatement or undervaluation, no taxes collected under such assessment shall be recovered, unless the list, statement, or return was not false or fraudulent, and did not contain any understatement or undervaluation, in its application to taxes collected under Corporation Tax Act Aug. 5, 1909, c. 6, 36 Stat. 112, does not authorize the recovery of sums paid on a second assessment, where the return was false, but not fraudulent.

2. INTERNAL REVENUE &#8660;2—EXCISE TAXES—AUTHORITY OF CONGRESS—UNIFORM.

The only limitation on the power of Congress in the imposition of excise taxes, such as those imposed on corporations, is that they be uniform throughout the United States, and by that is meant a geographical uniformity.

3. INTERNAL REVENUE &#8660;2—VALIDITY OF STATUTE—CONFISCATION.

Rev. St. § 3225 (Comp. St. 1916, § 5948), relating to internal revenue, and forbidding recovery of amounts paid on a second assessment, where the return was false or fraudulent, is not invalid in its applicability to the Corporation Tax Act, for it does not destroy uniformity of taxation, applying to all portions of the country alike.

4. INTERNAL REVENUE &#8660;38—EXCISE TAXES—CORPORATION TAXES.

As the Corporation Tax Act imposes an excise tax, and declares that all laws relating to the collection, remission, and refund of internal revenue taxes so far as applicable shall apply, Rev. St. § 3225 (Comp.

---

St. 1916, § 5948), which is part of the law relating to the refund of internal revenue taxes, and forbids the return of taxes collected on a second assessment, where the return was false or fraudulent, applies.

5. INTERNAL REVENUE 🗝4—AMENDMENT—RETROACTIVE EFFECT.

The amendment to Rev. St. § 3225 (Comp. St. 1916, § 5948), declaring that the section shall apply to statements or returns made in good faith regarding the annual depreciation of oil and gas wells and mines, is not retroactive. and does not authorize recovery of corporation taxes previously collected from a mining company on a second assessment, where the first return was false.

In Error to the District Court of the United States for the District of Colorado; Jacob Trieber, Judge.

Action by the Camp Bird, Limited, a corporation, against Frank W. Howbert, as Collector of Internal Revenue. There was a judgment for defendant, and plaintiff brings error. Affirmed.

George L. Nye, of Denver, Colo., and William Story, Jr., of Ouray, Colo. (W. V. Hodges, of Denver, Colo., on the brief), for plaintiff in error.

John A. Gordon, Asst. U. S. Atty., of Denver, Colo. (Harry B. Tedrow, U. S. Atty., of Denver, Colo., on the brief), for defendant in error.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER, District Judges.

MUNGER, District Judge. This action was brought by plaintiff in error, hereafter called plaintiff, against defendant in error, as collector of internal revenue of the United States for the district of Colorado, hereafter called defendant. The object of the action was to recover sums of money that plaintiff had paid to defendant as an internal revenue tax. A jury was waived, and the trial court entered judgment upon special findings of facts, dismissing plaintiff's action.

Briefly stated, the court found that the plaintiff was the owner of valuable and productive mining property in Colorado, after the year 1902, and that it made a return for each of the years 1909, 1910, and 1911 to the collector of internal revenue, purporting to set forth its income for each of those years, under the provisions of the act of Congress approved August 5, 1909 (36 Stat. 112, c. 6), relating to an excise tax on corporations. In these returns the plaintiff stated the items of charge and credit and the net annual income which it considered subject to the tax. The Commissioner of Internal Revenue found that deductions claimed in each of these returns had been overstated, and that the amount subject to the tax had been understated, and made additional assessments against the plaintiff and notified it of his action. The plaintiff, under protest, paid the additional taxes levied. An application to the Commissioner of Internal Revenue for an abatement of the additional tax was denied by the Commissioner, and this action was then begun. While the court found that the plaintiff had understated its net income upon which it was required to pay the excise tax, it was further found that the understatement was not made

fraudulently, knowingly, willfully, nor for the purpose of defrauding the United States, but was made in good faith and with the belief that the figures presented stated the facts. The only question in the case is whether the judgment is supported by these findings.

[1] Section 3225 of the Revised Statutes (Comp. St. 1916, § 5948), as it existed at the time these taxes were levied and collected, was as follows:

"When a second assessment is made in case of any list, statement, or return, which in the opinion of the collector or deputy collector was false or fraudulent, or contained any understatement or undervaluation, no taxes collected under such assessment shall be recovered by any suit, unless it is proved that the said list, statement, or return was not false nor fraudulent, and did not contain any understatement or undervaluation."

It is contended that this section was meant to be applied only to those who intentionally made false statements or undervaluations, because when this act was passed an accurate statement of the facts required in returns by taxpayers could be made, whereas returns under the corporation tax law necessarily must be estimates.

By the acts of Congress approved June 30, 1864 (13 Stat. 223, c. 173), as amended and supplemented by the acts of Congress of March 3, 1865 (13 Stat. 469, c. 78), of July 13, 1866 (14 Stat. 98, c 184), and March 2, 1867 (14 Stat. 471, c. 169), a general system of internal revenue was provided to meet the financial burdens imposed by the Civil War. Taxes were imposed generally upon property, occupations, industries, and incomes. Many classes of persons subject to taxation were required to make sworn lists or returns of property subject to the tax. The values of property were to be reported and amounts of net income, and the accurate statement of many of the items required were quite as difficult as the ascertainment of the required items under the present corporation tax. Section 14 gave the assessor power to summon a declarant and to examine him and his books, if in his opinion the return was either false or fraudulent, or contained any understatement or undervaluation. If the return was false or fraudulent, the assessor was required to increase the tax by 100 per cent. An unexcused neglect or refusal to make or to verify a list was penalized by the addition of 50 per cent. to the tax. By section 20 the assessor was empowered to fix the amount of additional tax to be paid, when there had been an omission, understatement, undervaluation, or false or fraudulent statement. Section 44 authorized the Commissioner of Internal Revenue to refund excessive taxes collected, and to repay to collectors amounts recovered in court against them for taxes collected by them, but provided that no taxes should be recovered, refunded, or paid back, where a second assessment had been made because the first list had been, in the opinion of the assessor, either false, fraudulent, or contained any understatement or undervaluation, unless it was proved that the return was not false or fraudulent, or did not contain any understatement or undervaluation.

The substance of these enactments has continued in force ever since. See Rev. St. §§ 3173, 3176, 3182, 3220, 3225; U. S. Comp. Stats. Ann. §§ 5896, 5899, 5904, 5944, 5948. They evince a discriminating use of

terms as between false and fraudulent returns and those that contain only an understatement or valuation, and provide remedies and penalties apportioned to the several delinquencies. The mere undervaluation or understatement in a return is made a basis for summoning the delinquent to appear and be examined, and a basis also for imposing an additional assessment, and prevents the Commissioner of Internal Revenue from making a refund or remission of taxes. The further provision found in section 3225 of the Revised Statutes, denying recovery by suit of any tax imposed under a second assessment, because in the opinion of the collector or his deputy the former return was false or fraudulent, or contained an understatement or undervaluation, unless it is proved that the prior list was not false nor fraudulent, nor contained any understatement or undervaluation is in harmony with these provisions, and manifests the intention of Congress that no recovery may be had although the undervaluation or understatement was made unintentionally. See Bergdoll v. Pollock, 95 U. S. 337, 24 L. Ed. 512.

[2, 3] The proposition is advanced that this construction of section 3225 renders it violative of the Constitution, as it would result in the confiscation of plaintiff's property. It is well settled that this corporation tax act imposed an excise tax, and the only limitation on the power of Congress in the imposition of excise taxes is that they shall be uniform throughout the United States. United States v. Singer, 15 Wall. 111, 121, 21 L. Ed. 49; Pacific Insurance Co. v. Soule, 7 Wall. 433, 446, 19 L. Ed. 95. By this a geographical uniformity is meant. Flint v. Stone Tracy Co., 220 U. S. 107, 31 Sup. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312. The provisions laying an additional tax proportionate to the property omitted from the list, on all who make any understatement or undervaluation, operates uniformly on all of that class of persons wherever found, and hence was within the power of Congress. The refusal of a right of action to recover such taxes, unless proof is made that there was no understatement or undervaluation, is likewise within the scope of the legislative power.

[4] It is claimed that section 3225, Rev. St., does not apply to the suit for the recovery of taxes collected under the corporation tax of 1909. This section applies to internal revenue taxes generally and the corporation tax is one embraced in that class. In addition the corporation tax law contained a clause as follows (page 951, Supp. to U. S. Comp. Stats. 1911):

"All laws relating to the collection, remission, and refund of internal revenue taxes, so far as applicable to and not inconsistent with the provisions of this section, are hereby extended and made applicable to the tax imposed by this section."

We think that section 3225, Rev. Stats., is a part of the laws relating to the refund of internal revenue taxes, as section 3220, Rev. St., provides that the Commissioner of Internal Revenue is authorized to refund to the collector any amount that may be recovered against him in any court for any internal taxes collected by him.

[5] Plaintiff also contends that the judgment is erroneous because, after final judgment was entered in this case, Congress enacted an

amendment to section 3225, Rev. St., which reads (page 6984, 6 U. S. Comp. Stats. Ann.):

" \* \* \* But this section shall not apply to statements or returns made or to be made in good faith under the laws of the United States regarding annual depreciation of oil or gas wells and mines."

This statute does not purport to be retroactive in its operation, and hence cannot affect the judgment in this case. This disposes of all questions that require consideration.

The judgment will be affirmed.