CAMP BIRD, Limited, v. HOWBERT, Collector of Internal Revenue.*

(Circuit Court of Appeals, Eighth Circuit. November 17, 1919.)

No. 4939.

1. INTERNAL REVENUE ⬤⇒38—RECOVERY BY CORPORATION OF ILLEGAL EXCISE TAX PAID.

On recovery of excise tax illegally collected from a corporation, the penalty and interest exacted for delinquency in making payment under Act Aug. 5, 1909, § 38(5) *held* also recoverable.

2. INTERNAL REVENUE ⬤⇒38—RECOVERY BY CORPORATION OF EXCESSIVE EXCISE TAX.

A mining corporation *held* entitled to recover excessive excise taxes paid under Act Aug. 5, 1909, § 38, because of refusal of the Commissioner to make proper allowance for depreciation of equipment.

In Error to the District Court of the United States for the District of Colorado; Jacob Trieber, Judge.

Action by Camp Bird, Limited, against Frank W. Howbert, Collector of Internal Revenue, District of Colorado. Judgment for defendant, and plaintiff brings error. Reversed.

See, also, 249 Fed. 27, 161 C. C. A. 87.

William Story, Jr., of Salt Lake City, Utah (William V. Hodges, James G. Rogers, and George L. Nye, all of Denver, Colo., on the brief), for plaintiff in error.

John A. Gordon, Asst. U. S. Atty., of Denver, Colo. (Harry B. Tedrow, U. S. Atty., of Boulder, Colo., on the brief), for defendant in error.

Before CARLAND and STONE, Circuit Judges, and ELLIOTT, District Judge.

CARLAND, Circuit Judge. This is an action at law brought by the Camp Bird, Limited, hereafter plaintiff, to recover of Howbert, collector of internal revenue for the district of Colorado, hereafter defendant, the amount of certain taxes assessed against the plaintiff under the Excise Tax Law of 1909 (Act Aug. 5, 1909, c. 6, 36 Stat. 112), for the years 1909, 1910, and 1911, which taxes were paid by plaintiff under protest. The trial court rendered judgment in favor of the defendant, and the plaintiff sued out a writ of error. The case was before us at a former term, and this court affirmed the judgment below. 249 Fed. 27, 161 C. C. A. 87. The case was then removed by the plaintiff to the Supreme Court by writ of certiorari. While the case was pending in that court, one of the Assistant Attorneys General of the United States appeared therein and caused the judgment of affirmance by

this court to be reversed on confession of error. Pursuant to said reversal a mandate of the Supreme Court issued to this court for further proceedings in conformity to the judgment of the Supreme Court.

The only question decided by this court at the former hearing was that the action of the plaintiff was barred by section 3225, U. S. Rev. Stat. (Comp. St. § 5948); this being also the ground upon which the trial court denied a recovery. There exists no record as to what the error was that the Assistant Attorney General confessed. We conclude, however, that as the bar of the statute was the only question decided by this court it is in regard to that question we erred in the opinion of the Assistant Attorney General, and we further conclude that, as the case was remanded by the Supreme Court to this court for further proceedings, instead of the District Court, it is our duty to proceed and render such judgment on the merits as this court shall deem proper, regardless of the bar of the statute. Lutcher & Moore Lumber Co. v. Knight, 217 U. S. 257, 30 Sup. Ct. 505, 54 L. Ed. 757. Before proceeding to consider the case on the merits, we deem it proper to say that the power to review the decisions of this court is an important one, and ought to be left as a general rule to the tribunal established by law for that purpose. The case in the court below was tried by the court, a jury being waived. After hearing the evidence the court made findings of fact and conclusions of law, upon which judgment was entered in favor of the defendant, for the reason that under the facts found plaintiff's action was barred by section 3225, supra.

[1, 2] Eliminating the question as to the bar of the statute, which we must assume upon the record was erroneously decided by this court, although no appellate court has passed upon the question, the assignments of error by the plaintiff are as follows: (1) The court erred in deciding that no penalty could be recovered by the plaintiff, as the taxes were not paid within the time required by law. (2) The court erred in rendering judgment for the defendant, as the facts found entitled the plaintiff to judgment for the amount of the taxes illegally collected. In regard to the first assignment of error, we are of the opinion that, where an illegal tax is paid, the fact that it was not paid within the time allowed by law will not prevent the taxpayer from recovering the penalty of 1 per cent. per month paid by him for the nonpayment of the illegal tax, for, if the tax was illegal, it was never due, and therefore the penalty was as much unauthorized as the tax itself. In regard to the second assignment of error, the record shows that the depreciation in the value of the mine was caused by the removal of ores, and that the amount of depreciation allowed by the Commissioner of Internal Revenue for each year was on mine equipment. The court further found as follows:

"That, if the plaintiff is entitled to recover under the law, the amounts are as follows: For the year 1909, for depreciation of equipment, $56,907.20; depreciation of value of mine, $917,697; total depreciation for the year 1909, $974,604.20. The amount allowed by the Commissioner for depreciation to be deducted, $40,615, leaves the net depreciation not allowed $933,989.20, and the tax of 1 per cent. collected on that amount was $9,339.89. For the year 1910, the court finds the depreciation to be, on equipment, $56,907.20; of the value of the mine, $568,129, as claimed in its return; total depreciation,.

$625,036.20. The amount allowed by the Commissioner to be deducted $40,615, leaves the amount of depreciation in value for which it would not be liable to taxation $584,421.20, and the 1 per cent. tax collected on that excessive assessment was $5,844.21. For the year 1911, the court finds the depreciations of the value of the mine were: On equipment $56,907.20; value of mine, $617,789.00; total, $674,696.20. The amount allowed and deducted by the Commissioner for depreciation, $40,615, leaves the amount of depreciation not allowed by the Commissioner to be $634,081.20, the 1 per cent. tax on which was paid by the plaintiff amounted to $6,340.81."

It will be seen from these findings of fact that the court found that there was a depreciation in the equipment of the mine for each of the years 1909, 1910, and 1911, amounting to $56,907, which was $16,292.20 each year more than was allowed by the Commissioner; his allowance being $40,615. This would make an overassessment of $16,292.20 each year, which at 1 per cent. would make an illegal tax of $162.92 per year, or $488.76 for the three years. All the remaining excess taxes found to be due by the trial court relate to the depreciation in the value of the mine caused by the exhaustion of ore. Since the case was tried in the court below the cases of Von Baumbach v. Sargent Land Co., 242 U. S. 503, 37 Sup. Ct. 201, 61 L. Ed. 460, U. S. v. Biwabik Mining Co., 247 U. S. 116, 38 Sup. Ct. 462, 62 L. Ed. 1017, and Goldfield Consolidated Mines Co. v. Scott, 247 U. S. 126, 38 Sup. Ct. 465, 62 L. Ed. 1022, have been decided, and these cases hold that in no accurate sense can such exhaustion of the body of the ore be deemed depreciation. There being no other question for determination, our opinion is that the judgment of the court below must be reversed, and the case remanded to that court, with directions to enter judgment upon the facts found in favor of the plaintiff for $488.76, with interest at 8 per cent. from the time the illegal payments were made, and also the penalty of 1 per cent. per month paid on said illegal tax; and it is so ordered.