### SEAMAN v. BOWERS, Internal Revenue Collector.

(Circuit Court of Appeals, Second Circuit. March 17, 1924.)

No. 254.

1. **Internal revenue ⬤=36—"False," as used in statutes permitting refund of illegally assessed or collected tax, defined.**

Under Rev. St. §§ 3220, 3225 (Comp. St. §§ 5944, 5948), authorizing the refund of taxes erroneously or illegally assessed or collected, unless taxpayer's return was false or fraudulent, "false" means incorrect or not true, as distinguished from intentionally fraudulent or erroneous.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, False—Falsely.]

2. **Internal revenue ⬤=28—Statute limiting time to bring "suit" or "proceeding" for collection of tax held applicable to executive action by warrant for distraint.**

Revenue Act 1921, § 250 (d), being Comp. St. Ann. Supp. 1923, § 6336⅛tt, providing that no "suit" or "proceeding" for the collection of taxes shall be begun after the expiration of five years after return was filed, except in the case of false or fraudulent return or failure to file any return, applies to an executive action by warrant for distraint, or otherwise; "proceeding" not being limited to an action or suit in court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proceeding; Suit.]

3. **Internal revenue ⬤=2—Statute permitting taxpayer to recover tax erroneously or illegally assessed or collected held retroactive.**

Rev. St. §§ 3220, 3225 (Comp. St. §§ 5944, 5948), as amended by Revenue Act 1918 (Comp. St. Ann. Supp. 1919, §§ 5944, 5948), authorizing a taxpayer who made a false return to sue to recover taxes erroneously or illegally assessed or collected, unless taxpayer's return was willfully false or fraudulent, being remedial, is retroactive.

4. **Internal revenue ⬤=28—Remedy of taxpayer against imposition of additional income tax, stated.**

Where Commissioner of Internal Revenue began proceedings to collect an additional income tax and penalty on the ground that taxpayer's return for the year 1916 was erroneous, taxpayer's remedy under Act March 4, 1923, amending Revenue Act 1921, § 252, and Rev. St. § 3226, as amended by Revenue Act 1921, was to pay the additional tax and sue to recover it, and in such action present his contention that the right to collect the tax was barred under Revenue Act 1921, § 250 (d), being Comp. St. Ann. Supp. 1923, § 6336⅛tt, and an injunction pendente lite to restrain the collection of the tax was properly denied under Rev. St. § 3224 (Comp. St. § 5947).

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Lloyd W. Seaman against Frank K. Bowers, individually and as United States Collector of Internal Revenue for the Second District of New York. From a decree denying plaintiff's motion for an injunction pendente lite, plaintiff appeals. Affirmed.

Appeal from a decree denying a motion for an injunction pendente lite enjoining defendant from proceeding to collect the sum of $54,175.33 or any part thereof representing additional income tax assessed against appellant for year 1916 with interest and penalty.

The complaint alleges that on February 22, 1917, appellant made his personal return of total net income accruing to him during the calendar year 1916,

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as required by law, and that the return was duly filed by him with the United States collector of internal revenue for the second district of New York on February 28, 1917, and was thereafter forwarded by said collector to the United States Commissioner of Internal Revenue, and that appellant duly paid the entire tax for which he was liable by reason of net income accruing to him in the calendar year 1916.

Paragraph fifth then alleges: "That the said return was not false nor fraudulent, nor was it made with intent to evade tax, and that no claim or charge has ever been made by the said Commissioner of Internal Revenue, or by any one else that the said return was false or fraudulent or made with attempt to evade tax. * * *"

The complaint then alleges that the Commissioner of Internal Revenue asserts that the return is erroneous and that appellant is liable for an additional tax amounting with interest and penalty to $54,175.33 upon the net income accruing to appellant during the calendar year 1916; that defendant on or about November 21, 1922, caused to be issued a warrant for distraint in familiar form. The complaint then sets forth the reasons why it is alleged that defendant acted without warrant of law in issuing the warrant for distraint, one of these being "that no suit or proceeding for the collection of the alleged additional tax due was begun before the expiration of five years after the date when complainant's return was filed, and that the said Commissioner and the complainant have not consented in writing to a later determination, assessment and collection thereof."

Then follows the usual allegation as to defendant's threat to levy under the distraint warrant. Appellant then alleges he has no adequate remedy at law in that more than five years have elapsed since his return for 1916 was due, and that, if the alleged additional tax be collected, appellant's right to recover is barred by limitation. The complaint concludes with a prayer for an injunction restraining defendant collector from collecting the amount referred to, supra.

Affidavits in support of and in opposition to the motion were submitted which, however, need not be set forth because the case turns upon the question as to whether the District Court has any power to enter an order granting the application of the injunction sought by plaintiff.

Henry P. Keith, of New York City (Bern Budd and Benjamin Mahler, both of New York City, of counsel), for appellant.

William Hayward, U. S. Atty., of New York City (Thomas J. Crawford, Asst. U. S. Atty., of New York City, and Chester A. Gwinn, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for appellee.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). Section 3224, Rev. Stat. (Comp. St. § 5947), provides that—

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

In the recent case of Graham v. Du Pont, 262 U. S. 254, 43 Sup. Ct. 567, 67 L. Ed. 965, the Supreme Court again asserted strong adherence to the prohibitory rigor of this statute. Mr. Chief Justice Taft, writing for the court, referred to and analyzed several cases which had been cited in support of the argument that the facts in the Du Pont Case were so extraordinary as to take it out of the prohibition of the statute.

In Dodge v. Osborn, 240 U. S. 118, 36 Sup. Ct. 275, 60 L. Ed. 557, the court, as it had done in several cases previously, applied the statute

in a suit to enjoin the assessment or collection of a tax because of the alleged unconstitutionality of the statute imposing it.

In Dodge v. Brady, 240 U. S. 122, 36 Sup. Ct. 277, 60 L. Ed. 560, the procedure was one of peculiar circumstances and cannot be regarded as, in any manner, affecting the force of the provisions of section 3224, supra. The court repeated that, if the original bill alone were concerned, the suit was brought to enjoin the collection of a tax and the court was without jurisdiction for the reasons stated in Dodge v. Osborn, supra.

The contention of appellant here is that, under section 250 (d) of the Revenue Act of 1921, 42 Stat. L. 265 (Comp. St. Ann. Supp. 1923, § 6336⅛tt), the right of the United States to collect the tax is barred by limitation; that if, by the collector's procedure of warrant for distraint, the tax shall be collected, then that appellant has no remedy, because, when he made his return on February 28, 1917, the applicable statutes (i. e., U. S. R. S. § 3220, and U. S. R. S. § 3225 [Comp. St. §§ 5944, 5948]) did not permit recovery by a taxpayer whose return was false or fraudulent and that, as the return of appellant was false, he is now without remedy.

Under paragraph fifth of the complaint, quoted supra, there is no allegation that the return was false. On the contrary, it is asserted that the return was not false or fraudulent, and, in such circumstances, appellant was not debarred by the two statutes to which reference has just been made. As, however, the affidavits disclose that the return was false, we shall not stop at a point of pleading.

[1] It may be observed in passing that the word "false," as used in these tax statutes, is of a technical character and means incorrect and is not to be construed as meaning intentionally or fraudulently erroneous, but as "not true" or the equivalent of "incorrect." Eliot National Bank v. Gill, 218 Fed. 600, 134 C. C. A. 358; National Bank of Commerce v. Allen, 223 Fed. 472, 139 C. C. A. 20.

[2] 1. Section 250 (d) of the Revenue Act of 1921, 42 Stat. L. 265, provides:

"* * * * No suit or proceeding for the collection of any such taxes due under this act or under prior income, excess profits, or war profits tax acts, or of any taxes due under section 38 of such Act of August 5, 1909, shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this act: * * * Provided further, that in the case of a false or fraudulent return with intent to evade tax, or of a failure to file a required return, the amount of tax due may be determined, assessed, and collected, and a suit or proceeding for the collection of such amount may be begun, at any time after it becomes due. * * * *"

It is contended by counsel for the United States that "proceeding," like "suit," means some action or proceeding in court as distinguished from executive action, such as has been undertaken here by the collector.

Cases are cited by both sides as to the meaning of the word "proceeding" in various connections, and counsel for the collector invokes the principle of ejusdem generis in support of the argument, in effect, that "suit" and "proceeding" mean the same thing.

We think it unnecessary to go beyond the statute to ascertain the meaning of "proceeding." In our view, it was clearly the legislative intent to set up the statutory limitation against the collection of the tax whether by administrative action or by law suit.

To enforce the collection of the tax an action or suit by or on behalf of the government in the courts is far less usual than procedure by way of warrant for distraint or other executive action. Certainly, where the taxpayer has property which may be levied upon, the executive method is more speedy and summary and the one to which resort is most usually had. It would, indeed, be strange if there were no statutory limitation in respect of proceedings by the collector, such as this, and yet a statutory limitation in regard to suits brought by or on behalf of the government. When the statute provided that "this shall not affect suits or proceedings begun at the time of the passage of this act," its purpose manifestly was in no manner to affect executive proceedings then in progress as well as law suits then pending. Looking also at the proviso relating to false or fraudulent returns with intent to evade tax, it must be clear that the Congress had in mind that there should be no time limitation against executive action any more than against suits commenced in the courts. "Suit" or "proceeding," when used throughout this section of the statute, manifestly have the same meaning.

It is argued on behalf of appellee that it is not to be supposed that a determination or assessment may be made on the last day of the five years after the return has been filed and yet that on the same day that the time to commence the suit or proceeding expires.

The statute, however, requires the determination or assessment within five years after the return is filed and the commencement of the suit or proceeding to collect the tax to be begun "after the expiration" of the five years.

We have not overlooked the quotation containing the remarks taken from the report of Senator Penrose, chairman of the Committee on Finance (Report No. 275, 67th Congress, First Session); but we think the expressions there as to suits do not bear the construction which appellee seeks to place upon them; and we need not endeavor to analyze what may be casual illustrations in a report, when the construction of the statute seems entirely plain to us.

We hold, therefore, that the word "proceeding" applies in the case at bar and that the action of the collector is contrary to the provisions of the statute, in that the proceedings were begun after the expiration of five years.

[3] 2. It is contended that on February 28, 1917, when the return was filed, the statutes then relating to second assessment where the return was false or fraudulent (section 3220, U. S. Comp. Stat. § 5944; section 3225, U. S. Comp. Stat. § 5948, as amended by act of September 8, 1916, c. 463, § 14) provided that such a taxpayer could not recover back.

In view of the provisions of the statutes, supra, and the fact that the tax was filed when these statutes were in effect, it is contended that appellant could not recover the tax if it is collected. For this position, Camp Bird, Ltd., v. Howbert, Collector, 249 Fed. 27, 161 C. C, A. 87,

is cited; but on confession of error that case was reversed in 248 U. S. 590, 39 Sup. Ct. 7, 63 L. Ed. 435, and its final disposition will be found in (C. C. A.) 262 Fed. 114.

Both sections 3220 and 3225 were amended by the Revenue Act of 1918, 40 Stat. L. 1145 (Comp. St. Ann. Supp. 1919, §§ 5944, 5948), so as to read as follows:

"Sec. 3220. The Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, is authorized to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected. * * * *"

"Sec. 3225. When a second assessment is made in case of any list, statement, or return, which in the opinion of the collector or deputy collector was false or fraudulent, or contained any understatement or undervaluation, such assessment shall not be remitted, nor shall taxes collected under such assessment be refunded, or paid back, or recovered by any suit unless it is proved that such list, statement, or return was not willfully false or fraudulent and did not contain any willful understatement or undervaluation."

It will be seen from these amendments, inter alia, that the taxpayer who made a false return could begin appropriate proceedings to recover illegally collected taxes if his return was not willfully false or fraudulent.

As these amendments of the act of 1918 were remedial in character, they were available to appellant. It will be noted that there is no provision in these amendments that the remedy is prospective only. Bearing in mind that the meaning of the word "false," in these tax statutes, was settled and well understood, as pointed out, supra, the purpose of the statute plainly was to give to the taxpayer the remedies which either had been denied to him under the statutes as they stood in 1916, or at best were open to doubt and controversy.

[4] 3. Coming now to the Act of March 4, 1923, 42 Stat. L. 1504, 1505, we find that section 252 of the Revenue Act of 1921, and section 3226 of the Revised Statutes, as amended by section 1318 of the Revenue Act of 1921, were amended so that, as stated by Mr. Chief Justice Taft, in the Du Pont Case, supra:

"The complainant is given the right now to pay the tax, and sue to recover it back, and in such a suit to raise the questions as to the value of the stock and the amount of the resulting tax and also as *to the bar of time* against the assessment which he attempted to raise in the bill." (Italics ours.)

Under section 252 (a) of the Act of March 4, 1923, the credit or refund shall not be allowed after five years from the date when the return was due "unless before the expiration of such five years a claim therefor is filed by the taxpayer, or unless before the expiration of two years from the time the tax was paid a claim therefor is filed by the taxpayer."

Under section 3226, as amended by section 1318 of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 5949), it was provided that—

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, * * * until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue. * *. *"

The Act of March 4, 1923, added the words "unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. * * * *"

While the proceeding by warrant for distraint in the case at bar was instituted before the passage of this act, nevertheless the tax concerned has not as yet been collected. It will therefore be open to appellant, upon compliance with statutory procedure, to present his contentions in respect of the statutory bar when and if he pays the tax or when and if the tax shall be collected.

We think it is premature to express our opinion as to the result of future proceedings, if any, for, in addition to the unwisdom of discussing academically questions of law, we cannot predict in what form a record, if any, may reach us and whether or not some interesting questions which suggest themselves may then appear.

We are, however, unable to find any distinction in principle between the case at bar and the Du Pont Case, supra, and, in these circumstances, it is, of course, our duty to follow the Du Pont Case, as we understand it. See, also, Cadwalader and Tyson, Executors, v. Sturgess, as. Collector (C. C. A. Third Circuit) 297 Fed. 73, recently decided; Sigman v. Reinecke, as Collector of Internal Revenue (C. C. A. Seventh Circuit) 297 Fed. 1005, recently decided.

Decree affirmed, without costs.