FRANCISCO SOTO GRAS, Plaintiff and Appellee-Appellant, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellant-Appellee.

No. 5561. Argued March 27, 1931.—Decided July 7, 1931.

*James R. Beverley, Attorney General,* and *Tomás Torres Pérez, Assistant Attorney General,* for defendant and appellant-appellee. *J. J. Ortiz Alibrán* and *F. Soto Gras* for plaintiff and appellee-appellant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an action for the recovery of taxes paid under protest. It was decided in favor of the taxpayer, without any special pronouncement of costs. Both parties appealed from the decision, the Treasurer because of the pronouncement on the refund, and the taxpayer because of the failure to assess the costs on the Treasurer.

Two causes of action were alleged in the complaint. The ground for the first is that the taxpayer, having rendered in April, 1919, his income tax return for the year 1918 on a total net profit of $11,436.53, and having paid the tax accordingly, was required in September, 1926, by the Treasurer to pay an additional sum because said officer had assessed his income at $12,297.42. The ground for the second is that the taxpayer, having rendered in April, 1920, his income tax return for the year 1919 on a total net profit of $11,879.48, and having paid the tax accordingly, was required in September, 1926, by the Treasurer to pay an additional sum because said officer had assessed his income at $12,833.86. The taxpayer, having used up in both cases all administrative remedies, paid under protest the amounts claimed—$54.93 and $313.13—and brought the present action in the Municipal Court of San Juan in April, 1930, under the provisions of section 3 of Act No. 8 of 1927. The municipal court dismissed the complaint on July 24, 1930. The taxpayer appealed to the district court, which on December 16 of the same year rendered the judgment referred to by us at the beginning.

The taxpayer pleaded in his favor the prescription of five years of the special statute applicable thereto. The defendant in his answer alleged that the returns submitted by the taxpayer in 1919 and 1920 were not correct for failure to set forth definitely all the taxable income received by him and therefore they were false; hence the revision of said returns and the collection of the corresponding additional sum which, in such case, may be done at any time.

The plaintiff prayed for a judgment on the pleadings and the court, applying section 60 and subdivisions (a) and (d) of section 61 of Act No. 74 of 1925, and failing to find in the answer any allegation of false or fraudulent return with intent to evade the payment of the tax, dismissed the complaint.

In his brief the appellant Treasurer assigns the following errors:

"1. The court erred in finding that the action of the Treasurer of Puerto Rico for the recovery of taxes assessed had prescribed.

"2. The court erred in finding that a false return does not include a merely incorrect or wrong return it becoming necessary that the same be fraudulent.

"3. The court erred in finding that it must be alleged in the answer that the returns are fraudulent.

"4. The court erred in sustaining the motion for a judgment on the pleadings and by sustaining the complaint."

We will consider together the questions raised by the above assignments.

In the first place, let us find out the statute applicable to the case. The district court based its judgment entirely on Act No. 74 of 1925. If the case is governed by that Act, the conclusion of the court would be entirely right. But the appellant Treasurer contends that the case is governed by Act No. 80 of 1919, and if that were so the question involved would at least be doubtful.

Section 56 of Act No. 80 of 1919 reads:

"That any tax assessable, pursuant to the provisions of this Act, may be computed and levied by the Treasurer within five years from and after the date on which the return was rendered or should have been rendered; and no proceedings shall be brought for the collection of said tax after the expiration of five years.

"In case that, for the purpose of evading payment of the tax, no proper returns are made, and in case of false returns, the amount of the tax assessable may be determined and the tax collected at any time without limitation."

Section 63 of Act No. 74 of 1925 provides:

"Section 63.—If after the enactment of this Act the Treasurer determines that any assessment should be made in respect of any income or excess-profits tax imposed by the Income Tax Law No. 59 of 1917, the Income Tax Law No. 80 of 1919 and the Income Tax Law No. 43 of 1921, or by any such Act as amended, the amount

which should be assessed (whether as deficiency or as interest, penalty, or other addition to the tax) shall be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand) as in the case of the taxes imposed by this title, except as otherwise provided in section 60.''

Section 60 of the said Act No. 74 of 1925 provides in its pertinent part as follows:

''Section 60.—(a) Except as provided in section 61 and in subdivision (b) of section 57 and in subdivision (b) of section 62:

''(1) The amount of income and excess-profits and the amount of income taxes imposed by this Act or by Income Tax Act No. 59, of 1917, Income Tax Act No. 80 of 1919, Income Tax Act No. 43 of 1921, or by any of said Acts, as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.''

Section 61 of the same Act prescribes in its pertinent part:

''Section 61.—(a) In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.''

As we know, this case refers to taxes corresponding to the years 1918 and 1919 and by reason of returns rendered in 1919 and 1920, revised by the Treasurer in 1926.

The Acts of 1919 and 1925 coincide as to the period of five years fixed for assessing the taxes in ordinary cases, but they differ essentially in the provisions referring to cases where the taxes may be assessed at any time.

According to the Act of 1919, taxes could be assessed at any time ''in case that, for the purpose of evading payment of the tax, no proper returns are made, and in case of false returns.''

Under the Act of 1925, "in the case of false or fraudulent return with intent to evade tax or of a failure to file a return."

The Act of 1919 required, in the case of failure to render a return, the intent to evade the payment of taxes. That of 1925 mentions the mere failure of rendering the return. This has no influence on the decision of the instant case. What might have any influence is the fact that the Act of 1919 only required that the return should be false, while that of 1925 requires "a false or fraudulent return with intent to evade the payment of the tax," since the word "false" as used in the Act of 1919 has been defined and construed as incorrect. Klein, Federal Income Taxation, p. 1470; *Seamen* v. *Bowers,* 297 Fed. 375; 25 C. J. 435, 436.

In our opinion, everything hinges on the construction to be given to section 63 of the Act of 1925.

"If after the enactment of this Act" (that of 1925) "the Treasurer determines that any assessment should be made," as happened herein, "in respect of any income . . . . . imposed by the Income Tax Law . . . . No. 80 of 1919 . . . . the amount which should be assessed . . . . shall be computed as if this Act had not been enacted. . . . ."

Does the act of computation make any reference to the period within which such computation could be made? Perhaps it does, but from the provisions of the same section which follow, namely, that "the amount so computed shall be assessed, collected and paid in the same manner and subject to the same provisions and limitations . . . . as in the case of taxes imposed by this title, except as otherwise provided in section 60," and from the failure to find anything to the contrary in section 60, we are able to settle our doubts in the sense that after the enactment of the Act of 1925, even in the case of taxes assessed under the Acts of 1917, 1919, and 1921, application should be made of the provisions of subdivision (*a*) of section 61 of said Act. We must conclude from its application, as already stated, that

the judgment of the district court is just and proper. Therefore, the appeal of the Treasurer must be dismissed.

Let us now take up the appeal of the taxpayer.

In our opinion it must also be dismissed. As we have just seen, this is a doubtful and debatable question and, in these circumstances, it can not be said that the district court abused its discretion by failing to impose the costs on the defendant in the absence of temerity.

In *Morales* v. *Peña,* 40 P.R.R. 177 this Court held:

"The holding of opposite and debatable theories must not be considered as an act of obstinacy justifying the imposing of costs."

From the foregoing, both appeals must be dismissed and the judgment appealed from affirmed.