UNITED STATES, Appellee
v.
WILLIAM H. COBB, Jr., Airman Third Class,
U. S. Air Force, Appellant
2 USCMA 339, 8 CMR 139

No. 1240

Decided March 24, 1953

COL Kenneth B. Chase, USAF, and CAPT Frank Fedele, USAF, for Appellant.

COL David D. Porter, USAF, COL Wendell C. Dreier, USAF, and CAPT William G. Carrow, III, USAF, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge.

The accused was convicted by general court-martial in Japan of involuntary manslaughter in violation of Article 119 of the Uniform Code of Military Justice, 50 USC § 713. In substance, the evidence showed that the accused, who was slightly intoxicated and driving a six by six Army truck, lost control of the truck while making a turn, left the road, and hit and killed an airman who had just crossed the intersection. The accused was neither licensed nor authorized to drive the truck in question. Witnesses testified that the accused was driving at an excessive speed; the accused and his passenger estimated the speed at fifteen miles per hour or less. The accused was sentenced to a bad-conduct discharge, forfeiture of $50.00 per month for twelve months, and confinement for twelve months. The convening authority suspended the bad-conduct discharge, but otherwise approved, and the board of review affirmed. We granted the accused's petition limited to the sufficiency of the law officer's instructions.

At the close of the case, the law officer gave the elements of involuntary manslaughter as stated in paragraph 198 of the Manual for Courts-Martial, United States, 1951, adding that conviction would require a finding that the

accused was guilty of culpable negligence. Defense attacks the instructions on the ground that prejudicial error was committed by the failure to define the words "culpable negligence" and by the failure to give the elements of the lesser offense of negligent homicide.

We have examined the record carefully and conclude that there was here no necessity of instructing on the elements of the lesser offense of negligent homicide. The accused was clearly guilty of culpable negligence; no lesser degree of negligence was fairly raised by the evidence. Under the circumstances, it was not prejudicial error for the law officer to fail to define the term "culpable," although we may say that in the interest of providing maximum assistance to the court-martial, the law officer should define such technical legal terms. We may note also, in this respect, that the term itself was carefully and correctly defined by counsel in closing arguments. Defense offered no objection to the instructions given, nor did he request amplification or clarification.

There being no prejudicial error in the instructions of the law officer on the elements of the offenses charged, the decision of the board of review is affirmed.

Judge LATIMER concurs.

BROSMAN, Judge (concurring in the result):

I agree that the failure of the law officer to define the term "culpable negligence" was not prejudicially erroneous. In fact, I do not believe there was any sort of error committed—although the best practice was not followed. This is not so much for the reason that it is a phrase in common use with a generally accepted content of meaning, as because there was no duty to do so in the absence of request. United States v. Soukup (No. 533), 7 CMR 17, decided January 23, 1953. See Uniform Code of Military Justice, Article 51(c), 50 USC § 626, and Manual for Courts-Martial, United States, 1951, paragraph 73b. In my view, where the elements of an offense have been stated in such a manner as to meet minimum standards of adequacy, the burden of requesting clarification or elaboration is on defense counsel. These standards have been met, I believe, when the court has been instructed in the language of the appropriate Manual subparagraph, and *this language is elementally complete and not inaccurate.* Cf. United States v. Ollie C. Williams (No. 251), 2 CMR 137, decided March 14, 1952.

However, I disagree with my brothers warmly in so far as they suggest that the fact that *counsel* defined the term correctly in closing arguments is in any way relevant here. The members of a court-martial, I am sure, are enjoined by the Code and the Manual to take their law from no court agency save the forum's "judge," the law officer. It is the specific duty of this officer of the court-martial to furnish them with this technical information—and as much of it as is required in the case under the facts and the law, including the decisions of this Court. This duty he cannot be permitted to evade through reliance on conduct of other personnel of the tribunal—particularly that of functionaries whose necessary and proper partisanship is recognized by all. Consequently, had the law officer here been under a duty to define the term "culpable negligence," his failure to do so would have been in no degree ameliorated by virtue of the fact that one or both counsel had sought to do so. United States v. Johnson (No. 498), 4 CMR 128, decided August 7, 1952. In the face of an unreversed Johnson case, I cannot possible understand the suggestion of the majority which is the subject of this paragraph. In the recent words of a distinguished British author and lecturer, "Few things are so disappointing in life as the experience, gradually borne in upon one, that it is very difficult in real life to convince people by the arguments which seem satisfactory to one's self."[1]

---

[1] Ronald A. Knox in "The Hidden Stream."