UNITED STATES, Appellee

v.

HENRY J. FELTON, Private First Class, U. S. Army, Appellant

2 USCMA 630, 10 CMR 128

LT COL James C. Hamilton, U. S. Army, for Appellant.

LT COL Thayer Chapman, U. S. Army, and 1ST LT Robert A. Forman, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

A general court-martial convened in Korea convicted the accused of premedicated murder[1] and sentenced him to life imprisonment with the usual accessories. Subsequent to affirmance of the findings and sentence by the convening authority, and by a board of review, this Court granted accused's petition for further review, limited, however, to one issue:

"Whether the failure of the law officer to define premeditation and culpable negligence was prejudicial error."

This question requires no recital of the facts underlying the prosecution and conviction. For present purposes it is sufficient to note that the law officer, in his instructions to the members of the court-martial, outlined—in the language of applicable sub-paragraphs of the Manual for Courts-Martial, United States, 1951—the elements of the offense charged, namely, premeditated murder, and also the elements of the lesser offenses of unpremeditated murder,[2] involuntary manslaughter through culpable negligence,[3] and negligent homicide.[4] He did not elaborate on the meaning of either "premeditation" or "culpable negligence." Defense counsel requested no further definition of those terms, and raised no sort of objection to the instructions as given. Did the failure of the law officer to define "premeditation" and "culpable negligence," in the absence of a specific request, constitute error? Previous decisions of this Court require a negative answer.

We sought to make clear in United States v. Soukup (No. 533), 2 USCMA 141, 7 CMR 17, decided January 23, 1953, that the burden of requesting clarification or elaboration of instructions—given in the language of the applicable Manual subparagraph and accurately stating the elements of the offense or offenses charged—rests on the shoulders of defense counsel. The law officer's duty, in the absence of request, has been fulfilled when he furnishes the instructions required by Article 51(c) of the Code[5] and paragraphs 73a and b of the Manual. See the Manual, supra, paragraph 73c(1). Here, no such request for explanation or clarification was made. Consequently, regardless of whether we might deem the terms "premeditation" and "culpable negligence" to be self-defining, counsel for this accused is in no position to complain of the instructions as given. Cf. United

---

[1] Uniform Code of Military Justice, Article 118(1), 50 USC § 712(1).

[2] Id., Article 118(2), 50 USC § 712 (2).

[3] Id., Article 119(b)(1), 50 USC § 713(b)(1).

[4] Id., Article 134, 50 USC § 728.

[5] 50 USC § 626(c).

States v. Cobb (No. 240), 2 USCMA 339, 8 CMR 139, decided March 24, 1953; United States v. Day (No. 703), 2 USCMA 416, 9 CMR 46, decided April 30, 1953.

This is not to say that we place our stamp of approval on the use of bare instructions in the nature of those questioned here. In the service of complete clarity and understanding, we incline to think that law officers would be well-advised to give explanatory instructions as to the meaning of technical legal terms which appear in the Manual's statement of the elements of offenses. United States v. Soukup, supra; United States v. Cobb, supra. However, as judges we sit to apply the mandates of Congress and the Chief Executive—not to engraft thereon our notions of what the law might better be.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.

