### HERNANDEZ v. McGHEE.

(Circuit Court of Appeals, Eighth Circuit. December 3, 1923.)

No. 6259.

Internal revenue ⊙⇒28—Injunction held not to lie to restrain collection of income tax.

    Decree restraining collection of income tax *held* improper, under Rev. St. § 3224 (Comp. St. § 5947).

Appeal from the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Suit by A. T. McGhee against B. C. Hernandez. From a decree for plaintiff, defendant appeals. Reversed and remanded.

Chester A. Gwinn, Attorney of Treasury Department, of Washington, D. C. (George R. Craig, U. S. Atty., of Albuquerque, N. M., and Nelson T. Hartson, Solicitor of Internal Revenue, of Washington, D. C., on the brief), for appellant.

A. H. Culwell, of El Paso, Tex., for appellee.

Before STONE, Circuit Judge, and MORRIS and FARIS, District Judges.

MORRIS, District Judge. On the 12th day of October, 1922, plaintiff (appellee here) filed his bill of complaint against defendant (appellant here), the duly qualified and acting collector of internal revenue in and for the district of New Mexico, alleging:

"That heretofore, and on, to wit, the 26th day of November, 1921, an action was instituted in the District Court of the United States in and for the District of New Mexico by the United States of America, plaintiff, against your petitioner, as defendant, the same being numbered 846 Law on the docket of said court. That in and by said action the United States of America,

by and through the Honorable George R. Craig, its district attorney, sought and now seeks to recover of and from petitioner the sum of $5,140.50 as income tax, including penalty, under the provisions of the Revenue Act of 1913, being the Act of October 3, 1913, alleged to be due from your petitioner and growing out of the sale by petitioner on or about the 21st day of August, 1913. of his interest in certain oil leases on various tracts of land lying and being in the state of Oklahoma. It being averred that the interests of your petitioner and others were, on said 21st day of August, 1913, transferred to the Crystal Oil Company, a corporation of Ardmore, Oklahoma, and that the owners of the leasehold interest so sold to said Crystal Oil Company were the sole stockholders in said oil company, and that said sale was made in exchange for the entire capital stock of said Oil Company of the value of $500,000; that your petitioner's interest therein was 26 per cent. of the whole; that the leasehold interest in the leases so sold was valued as of March 1, 1913, at $46,000, and the interest of your petitioner therein was of the value of $11,960, and that his interest in the holdings of the Crystal Oil Company, purchaser of said leasehold interest, was on the 21st day of August, 1913, $130,000. It being averred that the profit accruing to your petitioner by said exchange was the sum of $118,040; that the normal tax due thereon was $1,155.40 and surtax $2,271.60; that petitioner had made no return as required by law; that by reason whereof, and on, to wit, the 28th day of May, 1921, the collector of internal revenue at Albuquerque, New Mexico, made a return for your petitioner and demanded payment thereof; that because petitioner had failed to make the return he had become subject to a penalty of 50 per cent. upon the sum of $3,427, or the additional sum of $1,713.50, or a total sum of $5,140.50. Judgment was asked therefor.

"That your petitioner duly answered in the cause hereinabove described, denying liability for the tax assessed, denying that the profit had been made as averred, and pleaded limitation as to the cause of action asserted. Reference is here made to the complaint and amended answer in said cause, which said cause is now at issue, and wherein your petitioner is ready for trial, but that no trial has been had therein.

"That notwithstanding the pendency of the cause hereinabove described, the defendant, as collector of internal revenue in and for the district of New Mexico, and under date of September 23, 1922, gave to your petitioner the notice and demand for tax on the form 7658, provided by the Internal Revenue Department, wherein the said sum of $5,140.50 was demanded, covering the income tax and penalty alleged to be due by petitioner for and covering the year 1913. Again, the defendant, as such collector, gave to your petitioner the notice, form 7659 of the Internal Revenue Department, wherein petitioner is notified that if said sum of $5,140.50, together with an additional penalty of $257.02, is not received within ten days, that collection, with costs, shall be made by seizure and sale of property, the due date thereunder being October 13, 1922; that said tax and penalty so sought, under and by virtue of said notices, is a tax and penalty alleged to be due by your petitioner as income tax as and for the year 1913, and to recover which the suit is now pending in this honorable court, as hereinabove described. The said notices hereinabove referred to are hereto attached and marked Exhibits A and B, respectively.

"Petitioner represents: That the tax hereinabove described is not due by him. That he does not owe the same, and is not liable for the amount thereof, nor for any of same. That acting under advice received by him from the office of the defendant, Hernandez, he made no return for income tax for the year 1913. That no such return by him was made within the time required by law. That he was not due to the government of the United States, nor to the defendant as an officer of the Internal Revenue Department, any income tax for and covering the year 1913. That no demand was made upon him that such return should be made, or that any income tax should be paid by him covering the year 1913, until after July 31, 1920. That on that date a letter, presumably from the office of the Commissioner of Internal Revenue at Washington, D. C., signed by George Newton, Deputy Commissioner, was addressed to him, wherein and whereby, among others, it was represented that a total of $5,140.50 was due by petitioner covering income tax and

penalty for the year 1913, request being made that he prepare and file a return for that year with the collector of internal revenue, defendant herein. That the amount of said tax as so demanded was not paid, for the reason that same was not due and owing, as petitioner is informed, believes, and so alleges. A copy of said letter is hereto attached, made a part hereof, and marked Exhibit C for identification. That the property acquired, and on which it was sought to make the assessment in question, had been acquired prior to the year 1913, and there had been and was no added value thereto for and during the year 1913. That the stock in the Crystal Oil Company acquired and held by petitioner as of August 31, 1913, represented and had no greater value than did the leases and interest therein held by your petitioner and exchanged for said stock, and that said exchange represented to your petitioner no profit. That the value of the interests of your petitioner in the leases owned and held by him on March 1, 1913, represented as great a value and same were worth as much as was the stock in the Crystal Oil Company so acquired by your petitioner in exchange for his interests in said leases; and, in this behalf your petitioner represents that there accrued to him no profit for and during the year 1913 by reason of the sale and exchange of his interests in said leases for holdings in said Crystal Oil Company, and that his holdings in said Crystal Oil Company were of no greater value as of December 31, 1913, as were his holdings and ownership in and to the above described leases as of March 1, 1913. That he realized and had no profit or return for and during the year 1913 by reason of his interests in said leases, nor by reason of any interest owned and held by him in the Plains Development Company, nor did he realize or obtain or in any way secure a profit for and during the year 1913 by reason of the ownership by him of any of the capital stock of the Crystal Oil Company. That no profit was either earned, declared, or paid by said properties, nor did petitioner earn or receive any profit, for and during the year 1913, by reason of his connection with the Plains Development Company or the Crystal Oil Company, or through or by reason of any interests owned and held by him in various tracts of oil lands, situate, lying and being in the state of Oklahoma for and during the year 1913, and that the arbitrary value of the interest of your petitioner in said leases as of August 31, 1913, at the sum of $130,000 as placed by the Department of Internal Revenue, was wholly inaccurate and untrue, and petitioner had no voice in the fixing of said value.

"It is further averred in this behalf that the values so alleged by the Commissioner of Internal Revenue of the stock in the Crystal Oil Company acquired by your petitioner in August, 1913, and the difference between the amount so fixed by said Commissioner and the amount of the value of the interest of your petitioner in the lease above referred to in the sum of $11,960 as of March 1, 1913, is wholly inaccurate and untrue, but, on the contrary and as in fact, the value of the interest of your petitioner in said lease as of March 1, 1913, was as great as was the interest of your petitioner in the Crystal Oil Company, which took over said lease, for and during the entire period of the year 1913.

"In other words, the value of the interest of your petitioner in said property was just as much on March 1, 1913, as was such value at any time thereafter and during the year 1913; that the difference in said value so placed and claimed by the Commissioner of Internal Revenue, or his deputy, was wholly fictitious and had nothing in fact to sustain the same, and that if the defendant herein fixed such difference in value the same is and was wholly fictitious and had nothing in fact to sustain the same; that petitioner was never consulted by the Treasury Department, [nor] any of its officers, relative to the fixing of such value nor was he ever advised by any officer of the Treasury Department or the Internal Revenue Department until several days after July 31, 1920, that said values, or any claim based thereon, would be asserted or demanded by the Treasury Department or any officer thereof, or any officers of the Internal Revenue Department of the government of the United States; that the fixing of the said values and the assessment of the tax as hereinabove set out was wholly summary on the part of those fixing the same, and same was not only summary, but was wholly ex parte, and as petitioner is informed and believes, and therefore alleges, same was made,

and the demand thereon was made, without legal authority therefor, and in this behalf petitioner again avers that he does not owe and never has owed to the United States government any income tax for the year 1913, nor, as he is advised, informed, and so avers, was he required to make any return thereof for and during said year.

"Petitioner avers that the serving of the notice hereinabove described and made a part hereof is and does constitute a demand on the part of the defendant herein that he must pay the amount therein appearing on or before the 13th day of October, 1922, and that his failure so to do will subject him to further costs, and his properties will be, by the defendant herein, through an authorized deputy, seized and sold to satisfy the demand so made; that he has been advised by the defendant herein that, unless said demand is satisfied on or before the 13th day of October, 1922, a distraint will be levied upon the properties of your petitioner to satisfy the demand so made, and petitioner avers that said threat on the part of the defendant will be carried out, and any and all interests and properties owned and held by petitioner which can be located by the defendant will be seized and sold thereunder, unless said proceeding is restrained; and, in this connection, petitioner avers that the properties so to be levied upon represent his interest in certain mining claims located in the state of New Mexico, and relative thereto your petitioner would respectfully show that heretofore, and pursuant to the statute covering, he made, filed, and secured his certain mining claim locations in and to certain mining properties all situate in San Simon mining district, in the county of Hidalgo, state of New Mexico; that the provisions of law relative thereto were each and all complied with, and by reason of which he had and obtained the right to mine thereon for ores; that said mining claims and locations thereof, while originally in his name, were each and all in truth and fact for the use and benefit of A. T. McGhee & Co., a copartnership composed of your petitioner and C. L. McGhee; that said partnership firm became and is the legal and equitable owner of each and every right had and secured by reason of said mining claim locations; that the individual and separate interests therein had and secured by your petitioner cannot be definitely determined, for the reason that said locations are in course of development, and said developments have not yet been completed, and the value and extent of the interest of petitioner therein will depend upon the future development thereof; that the machinery purchased and used in connection with the development thereof likewise belongs to the partnership aforesaid; that said properties are now being worked and developed, and if the development thereof is not completed, the claims secured under the locations aforesaid will become worthless, and the machinery purchased and used in this work will be greatly decreased in value; that for said properties, or any portion thereof, to be seized under distraint, or other process, on the demands hereinabove specified will cause the work thereon being done to be stopped and the development thereof greatly retarded, and same will cause the forces which have been organized to develop said property to become disintegrated and the machinery used therein will become injured by reason of nonuse and lack of care.

"That the stocks of explosives now on hand and necessary in the development and workings of said mine will greatly deteriorate and become a total loss unless same are promptly used; that there is now on hand for use in the workings of said mining properties explosives of a value in excess of $1,800, which said stock of explosives must be promptly used, else same will so deteriorate as to become unsafe and worthless for the purpose intended; and that if said properties are seized, as defendant is threatening to do, said explosives cannot and will not be used, and will thus become to your petitioner a liability and a total loss; that the force now working said mining properties, being a total of about 15 men, will be thrown idle, and it will become necessary for petitioner to dispense with the services of said employees, whose work is now available in said mining properties, and the stock of supplies purchased and kept in the commissary for the subsistence of said men will become worthless, same will decay, and become a total loss and liability to your petitioner.

"And in this connection petitioner avers that after great difficulty, and in the exercise of great care, he has located and engaged the services of employees skilled in the kind and character of work necessary to profitably [develop] and operate said mining properties, and that the services of said employees is of great value in the development and working of said mining properties, and that if the same was seized, as so threatened by defendant, petitioner will be required to dispense with the services of said employees, abrogate the contracts of employment therewith, and in addition to which it will be required, as under the terms of the contract so entered into with them, to pay them in addition a sum [of] equal 60 days' pay upon the abrogation of the contracts so entered into and all of which will be made necessary if said properties are seized as is so threatened by defendant, and in addition to which, it will be difficult, and after great care and additional delay, to secure the services of others necessary to fill the positions required to perform the work necessary to the proper development and working of said mine; that the losses so occasioned as above enumerated will be to your petitioner irreparable; that the deterioration of said mine is not capable of exact ascertainment; but that there will be deterioration by reason of the suspension of the workings therein is an assured fact, and the losses so occasioned cannot be repaired.

"Petitioner further avers that he has practically concluded contracts for the disposition of the ore dumpings and complex ores, which contracts will be to your petitioner very valuable; that it has been with great difficulty that he has been enabled to secure such contracts, or to advance the negotiations therefor to the point of consummation, and that in order to fill said contracts, which are about to be consummated, it will be necessary for petitioner to supply to those purchasing the same, as quickly as possible and without interruption, said ore dumpings and complex ores in order to comply with his part of the agreements so to be made and as represented by him, and which, if not done, will subject him to the forfeiture of said contracts and irreparable injury, in this: That it will not be probable that he will be able thereafter to make such other or further contracts therefor that will enable him to profitably dispose of said ore dumpings and complex ores; that heretofore, and prior to the contracts herein referred to, the ore dumpings and complex ores have been regarded as waste and as of no value in the operation of said mines, and that such again will probably be the results, unless the contracts hereinabove referred to, and practically consummated, are filled as represented by your petitioner herein; that as against the threatened trespass as well as against any levy by defendant on any properties belonging to your petitioner under the facts herein appearing, the loss to be sustained thereby, and because of which, will be to your petitioner irreparable, and as against which he will have no adequate remedy at law.

"Petitioner avers that no claim or demand was made upon him for return of income tax for the year 1913, nor for the payment of any income tax for and during said year for more than six (6) years next after the same, or any part thereof, was due, if at all; that no discovery on the part of the government of the United States nor any of its officers was made that any such income tax was due by petitioner, if at all, covering the year 1913 for more than six years next after the same was due, if at all; that the assessments herein complained of were and are summary assessments, and same were not made, nor were any of same made, for more than six years after the same were due, if at all, and that under the Revenue Act of 1913, same here applying, there is and was, as petitioner is informed, advised and so avers, a limitation upon the right of the collecting officers of the United States government to make assessments and enforce payment thereof by summary proceedings and that said period had long since expired before any effort of any kind was made by the government to collect said alleged taxes, as well as any proceeding instituted to enforce the payment thereof, and your petitioner herein avails himself of said statutory protection, and pleads same in bar against the proceeding herein complained of by the officers of the Internal Revenue Department of the United States of America and the defendant herein, especially; that the distraint to be issued and levy herein as above set out, and now complained of, will be issued under and by virtue of the

summary assessment herein complained of, and that the sale of the properties and interests of your petitioner herein will be made under and by virtue of said summary assessment unless the same is restrained.

"Petitioner avers that there has been no establishment of any income tax due by him for income tax for the year 1913; that it has never been determined that he owes to the United States or to the Treasury Department thereof any sum as for income taxes for the year 1913, and because whereof, and for the highly additional reason that the summary proceeding herein referred to was not initiated until more than three years, yea, more than six years, after income taxes for the year 1913 were due, if at all, the proceedings had and as herein complained of are and were void and wholly unenforceable, and to undertake to sell any properties belonging to your petitioner under the distraint so to be issued thereon will be, as to your petitioner, under the facts herein appearing, violative of the Fifth Amendment to the Constitution of the United States, and the same will be depriving your petitioner of his property without due process of law, and will be the taking of private property for public use without just compensation therefor.

"Petitioner further avers that, no effort having been made by the Treasury Department of the United States, nor by any of its subdivisions, nor by the defendant herein, to assess or collect any income tax from your petitioner for more than six years after the same was due, if at all, as well as next after the time when said return should have been made, if at all, then and by reason of which fact, there was and is no right of summary proceeding in behalf of the government of the United States by the defendant herein to either assess or collect any such tax; but, as petitioner is advised, informed, and so avers, under these circumstances, the only right of the government and the defendant, if any, is and was to proceed by suit to collect the tax alleged to be due; that suit having already been instituted in behalf of the United States for recovery of income taxes and penalty alleged to be due by your petitioner covering the year 1913, and said cause being now at issue, your petitioner avers that he has, since the filing of his amended answer therein and hereinabove referred to, been at all times ready for trial, and is now ready for trial therein; that there has been no continuance of said cause on the application or at the request of your petitioner, and no effort has been made by him to delay the determination of the issues so joined in said cause, and the failure, if any, to sooner determine the issue there presented, as well as here arising, has not been due to any request or act taken by your petitioner.

"Petitioner further avers that the Commissioner of Internal Revenue, as per regulation No. 33, issued January 5, 1914, covering the Revenue Act of October 3, 1913, herein applying, and construing said act in behalf of said department, provided that in case of refusal or neglect by taxpayer to make a return, and in case of false or fraudulent return, the Commissioner, upon the discovery thereof within three years after such returns are due, shall make a return upon information obtained in the manner provided in the act; and your petitioner avers that, as herein appears, no return was made by him or in his behalf covering taxes alleged to be due for the year 1913 within three years after same was due, nor was any return thereof made by the Commissioner or the collector of internal revenue within three years after such return was due; that the failure so to do is and was a denial of the right of defendant herein to make any return thereof, which could be collected or enforced by summary proceeding as herein attempted. And in this behalf petitioner avers that the distraint to be issued and herein complained of will not even issue for more than eight years after the taxes for the year 1913 were due, if at all, and that therefore said process of distraint, and under which the levy herein complained of will be made, will be void, there being no authority in law for the issuance of same, and the service thereof will constitute, as to your petitioner, a trespass, and as against the levy whereof he will, as he verily believes, be entitled to the equitable relief herein sought; that the method of enforcing said collection so pursued is and will be arbitrary, and as petitioner is advised, informed, and therefore alleges, wholly void and contrary to law and the terms thereof in such cases made and provided.

"Petitioner avers that the warrant under which a levy herein will be made will not be based upon any order of court, nor does same grow out of any legal proceedings instituted in behalf of the United States against your petitioner, but that, as hereinabove averred, same will be wholly summary in character and the sum claimed thereunder not having been legally established and said warrant having been issued, more than eight years after the tax should have been assessed and paid, if at all, and more than seven years before any demand, in behalf of the government of the United States of the defendant herein against your petitioner for income taxes claimed to be due for 1913, had been made, and that there is and will be no authority for the issuance of said warrant, and the same is and will be wholly void and the service thereof void and the attempted sale of your petitioner's property thereunder is and will be a trespass violative of his rights as a citizen of the United States, and violative of the provisions of the Fifth Amendment to the Constitution of the United States, and as against which your petitioner is entitled to equitable relief.

"In this behalf, petitioner avers that he is amply solvent and able to respond to any judgment or demand in behalf of the United States or the defendant herein that may be legally established against him for income taxes found to be due and owing as and for the year 1913.

"It is further averred in this behalf that, in order to prevent loss to himself and estate, as well as to show his good faith and willingness to save the defendant herein, as well as the United States of America harmless, he did, prior to the presentment of this bill, offer to deposit, as might be required, securities of ample value more than sufficient to abide the determination of the suit instituted by the government against him for the taxes herein complained of, or to abide the final result of any other proper and legal method of determining the issue as to whether or not he is liable for income tax for and during the year 1913, which said offer to indemnify has been wholly and fully refused and declined by the defendant herein; that he now stands ready and willing to so indemnify and [safe] harmless the defendant herein, as well as the United States of America against loss growing out of the controversy herein described.

"That due to the nature of the estate and the properties owned by petitioner and hereinbefore referred to, the character thereof, and the state of development thereof, the loss to be sustained by your petitioner in the event of a levy thereon by defendant, such loss will be irreparable as against which your petitioner has no adequate remedy at law, and by reason of the premises and the wrong attempted to be perpetrated upon him by the defendant herein, your petitioner is entitled to be relieved."

Petitioner then prayed that—

"defendant, his attorneys, deputies and agents, may be enjoined and restrained, temporarily, until the final hearing, and perpetually thereafter, from in any manner attempting to enforce the collection of the demand as hereinabove described, and from in any manner so attempting to levy upon and sell any of the properties and interests of your petitioner herein, under the warrant hereinabove referred to; that the assessment of the tax herein complained of be, in all things, declared null and void, and the defendant be required, if deemed advisable, to proceed in the usual and orderly way for the collection of the debt or any demand thought to be due, and for such other, further, and additional relief as he may show himself entitled to."

On the same day an order was entered requiring the defendant to show cause why an injunction should not issue against him as prayed in said complaint. In response to said order to show cause the defendant appeared on the 13th day of October, 1922, and moved the court to dismiss the bill for the following reasons:

"That plaintiff herein has a plain, speedy, and adequate remedy at law. That plaintiff is attempting to enjoin the collection of an income tax, and under the Revised Statutes, section 3224 (Compiled Statutes, section 5949),

injunction will not lie in restraining collection of said tax. That plaintiff is without equity, in that he has failed, neglected, and refused to make a return or to pay or tender to the collector of internal revenue the tax imposed upon him. That plaintiff is without equity in that he has failed to comply with the conditions and laws prescribed by the Congress of the United States in such cases."

And thereupon, after a hearing on said order to show cause and on said motion, the defendant having refused to plead further, the court entered its order or decree, as follows:

"That the defendant, B. C. Hernandez, as collector of internal revenue for the district of New Mexico, be and he hereby is enjoined and restrained from collecting the income tax alleged by defendant to be due from plaintiff for the year 1913, by warrant of distraint by him issued and executed, or from levying upon and selling the property of said plaintiff, pending the trial and determination of cause No. 846 at law on the docket of this court between the same parties as this cause, provided, however, and said injunction is contingent upon plaintiff filing with the court a good and sufficient bond in the sum of $5,500, to cover any damages to be sustained by defendant by reason of said injunction, said bond to be approved by this court."

From this order, or decree, this appeal is taken.

Since the decree was entered, and pending this appeal, the Supreme Court of the United States, on the 21st day of May, 1923, has filed its decision in Graham v. Dupont, 262 U. S. 234, 43 Sup. Ct. 567, 67 L. Ed. ——, and we are of the opinion that this decision so completely disposes of the questions here involved in favor of the appellant that further discussion thereof is unnecessary.

That this case does not fall within the doctrine of Hill v. Wallace, 257 U. S. 310, 42 Sup. Ct. 168, 66 L. Ed. 253, or within the rule of Lipke v. Lederer, 259 U. S. 557, 42 Sup. Ct. 549, 66 L. Ed. 1061, is, we think, too plain to call either for exposition or the citation of authority.

The result is that the decree of the court below is reversed, and the case remanded thereto, with directions to dissolve the temporary injunction and to dismiss the bill.