WITHERBEE v. DUREY, Collector of Internal Revenue.

(District Court, N. D. New York.    January 12, 1924.)

Internal revenue ⬥➡28—Statute held not ground for objecting to warrant of distraint.

   Though collector of internal revenue did not have warrant of distraint issued for collection of additional income tax for the year 1917, until after five years from the date of filing the return by plaintiff, plaintiff cannot rely on Revenue Act 1921, § 250(d), being Comp. St. Ann. Supp. 1923, § 6336⅛tt, where the assessment of the alleged additional tax and two demands for payment were made on the plaintiff within five years from the date of filing the return.

   In Equity.   Suit by Annie B. Witherbee against Cyrus Durey, individually and as Collector of Internal Revenue for the Fourteenth District of New York.   Temporary injunction denied, and complaint dismissed.

   Winthrop & Stimson, of New York City (Egerton L. Winthrop, Jr., and Percy W. Crane, both of New York City, of counsel), for complainant.

   Oliver D. Burden, of Syracuse, N. Y., for defendant.

   COOPER, District Judge.   This is a suit for an injunction restraining the collector of internal revenue for the Fourteenth district of New York from executing a warrant of distraint issued against the plaintiff, for the collection of an alleged additional income tax against her for the year 1917, amounting, with interest and penalty, to the sum of $8,542.96.   The plaintiff relies on section 250 (d) of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 6336⅛tt).

   Though the warrant of distraint was not issued until after five years from the date of filing the return for the year 1917, the assessment of the alleged additional tax, and two demands for payment were made upon the plaintiff, within five years from the date of filing the return.   By reason of such assessment and demands, section 250 (d) of the Revenue Act of 1921, on which the plaintiff relies, does not apply.   The facts bring the case into close analogy to Graham v. Du Pont, 262 U. S. 234, 43 Sup. Ct. 567, 67 L. Ed. 965, which is controlling here.   See, also, Bashara v. Hopkins (D. C.) 290 Fed. 592. Had no assessment, demand, or attempt to collect the tax been made within the five-year period, plaintiff would be entitled to the relief sought.

   The temporary injunction is denied.   The motion of the defendant for the dismissal of the complaint is granted.

⬥➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes