## SIGMAN v. REINECKE.

(Circuit Court of Appeals, Seventh Circuit. March 1, 1924.)

No. 3350.

Internal revenue ⊚⟹28—Injunction will not issue to prevent collection of tax after five years.

Rev. St. § 3224 (Comp. St. § 5947), providing that no suit to restrain collection of a tax shall be maintained, prevents issuance of injunction to restrain collection of tax, requested on theory that under Revenue Act 1921, § 250d (Comp. St. Ann. Supp. 1923, § 6336⅛tt), collector cannot proceed with collection after lapse of five years from making original return; complainant's remedy being through recovery back of taxes paid.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Bill by Leon Sigman against Mabel G. Reinecke, individually and as Collector of Internal Revenue for the First District of Illinois. From a decree dismissing the bill on motion, complainant appeals. Affirmed.

John M. Sternhagen and Arnold R. Baar, both of Chicago, Ill., for appellant.

Chester A. Gwinn, of Washington, D. C., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. The appeal is from decree dismissing, on motion, bill for injunction to restrain the United States collector of internal revenue from collecting an excess profits tax for the year 1917.

Prior to April 1, 1918, a return for the tax of the previous year was filed and the amount of the tax as returned was paid. There was afterwards further assessment made, reduced in part, and the balance paid in September, 1922. In February, 1923, notice was given of further tax liability for 1917 of $1,456.51, and appellant was informed therewith that he might appeal from such tax, but would be required to execute a waiver of the statutory limitation. He refused to make waiver, and did not appeal. The bill states that after April 1, 1923, the collector made demand of payment, and threatened seizure of appellant's property, alleging irreparable injury if this were carried out, and prays temporary and permanent injunction, upon the ground that there was no right or power in the collector to proceed with the collection of the tax after lapse of five years from the making of the original return under section 250d of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 6336⅛tt), which provides:

"And no suit or proceeding for the collection of any such taxes due under this act or under prior income, excess profits, or war profits tax acts, or of any taxes due under section 38 of such act of August 5, 1909, shall be begun, after the expiration of five years after the date when such return was filed."

For the government it is contended that words "suit or proceeding," as employed in the act, have reference only to judicial action, and do

not include distraint or other executive action for the purpose of collecting a tax; that in this case the bill shows the tax to have been assessed within the five-year period, and that if the word "proceeding" is broad enough to include any action for collecting the tax, the assessment of the tax was a "proceeding" commenced within the five-year period; and that in any event injunctive relief against collection of the tax is forbidden by section 3224, U. S. Rev. Stats. (Comp. St. § 5947), which provides:

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

If the section last quoted applies, appellant's remedy is not by injunction, but through the means provided by the act, not necessary to be here set forth. The applicability here of section 3224 we do not consider an open question, since the Supreme Court on May 21, 1923, handed down its opinion in Graham v. Du Pont, 262 U. S. 234, 43 Sup. Ct. 567, 67 L. Ed. 965, where the bar of the statute was set up as a ground for an injunction to restrain the collection of a tax assessed more than five years after return was made. This case seems to be conclusive upon the proposition that section 3224 does apply, and that, whatever remedy appellant may have, it is not through injunction, but only through the statutory provisions authorizing recovery back of a tax which ought not to have been assessed against him. Since the promulgation of that opinion a number of courts have held that this is its effect, and our attention has not been called to a different interpretation of it. Bashara v. Hopkins (D. C.) 290 Fed. 592, affirmed 295 Fed. 319 (5 C. C. A. Dec. 6, 1923); Seaman v. Bowers, Collector (D. C. S. D. N. Y., May 31, 1923, no opinion); Crawford et al. v. Couzens (D. C. La., June 1, 1923, no opinion rendered); Executors v. Sturgess, 292 Fed. 1012 (D. C. N. J.), on appeal 297 Fed. 73 (3 C. C. A.); Witherbee v. Durey, Collector, 296 Fed. 576 (D. C. N. D. N. Y.); Hernandez v. McGhee, 294 Fed. 460 (8 C. C. A. Dec. Term, 1923).

It may be said in further support of the applicability of section 3224 that the five-year limitation of section 250d is not absolute and unqualified, but is subject to important provisos; one being that "in case of a false or fraudulent return with intent to evade tax, or of a failure to file a required return, the amount of the tax may be determined, assessed and collected, and a suit or proceeding for the collection of such amount may be begun, at any time after it becomes due," thus imposing on the taxing authorities the duty to investigate and pass upon facts bearing in any case upon the application of the limitation. Section 3224 did not leave it within the power of a court of chancery to enjoin the collection of the tax until the court might in the first instance investigate and determine whether, notwithstanding five years have elapsed since filing the return, the circumstances are such as make the limitation applicable.

Because section 3224 applies, the decree of the District Court is affirmed.