## SEAMAN v. GUARANTY TRUST CO. OF NEW YORK et al.

(District Court, S. D. New York. June 7, 1924.)

Internal revenue ⊜⟶28—Pledgees will not be enjoined from delivering securities to collector under invalid warrant of restraint for unpaid income tax due from pledgor.

Under Rev. St. § 3224 (Comp. St. § 5947), pledgees will not be enjoined at instance of pledgor from delivering securities to collector, under warrant of distraint for unpaid income tax due from pledgor on ground that warrant is void because of failure to institute proceedings within five years after date of return, under Revenue Act Nov. 23, 1921, § 250 (d), being Comp. St. Ann. Supp. 1923, § 6336⅛tt, since such injunction will not lie against collector, and pledgor is limited to his remedy at law.

In Equity. Suit by Lloyd W. Seaman against the Guaranty Trust Company of New York and others. Complainant's motion for preliminary injunction denied, and suit dismissed as against defendant Bowers.

Budd & Coffey, Bern Budd, and Henry P. Keith, all of New York City, and Benjamin Walker, for complainant.

William Hayward, U. S. Atty., and Thomas J. Crawford, Asst. U. S. Atty., both of New York City, and Chester A. Gwinn, Sp. Atty. Bureau of Internal Revenue, of Washington, D. C., for collector.

Arthur L. Livermore, of New York City, for Harvey Fisk & Sons.

Millard F. Tompkins, of New York City, for E. F. Hutton & Co.

AUGUSTUS N. HAND, District Judge. This is a suit to enjoin the defendants Guaranty Trust Company, Harvey Fisk & Sons, and E. F. Hutton & Co., who hold collateral securing complainant's loans, from delivering the collateral to the defendant Bowers, who has attempted to seize the same under a warrant of distraint for an unpaid income tax for the year 1916. The complainant filed his return in 1917, and no claim is made by the government that it was fraudulent. Section 250 (d) of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 6336⅛tt) provides that " * * * no suit or proceeding for the collection of any such taxes due under this act or under prior income, excess profits, or war profits tax acts, or of any taxes due under section 38 of such Act of August 5, 1909, shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this act. * * *"

The complainant insists that the warrant of distraint is void, because the tax and all suits and proceedings, whether departmental or otherwise, are barred by the five-year statute. The collector replies that, irrespective of whether the tax is finally due, it has been assessed, and his operations in collecting it by distraint are not affected, because of the provision of section 3224 of the Revised Statutes (Comp. St. § 5947) that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

This court has already, under the authority of Graham v. Du Pont, 262 U. S. 254, 43 Sup. Ct. 567, 67 L. Ed. 965, dismissed a suit by this complainant to restrain the collection of this very tax, and its action has been affirmed by the Circuit Court of Appeals. 297 Fed. 371. The words of Judge Mayer's opinion upon the appeal, that this complainant might "present his contentions in respect of the statutory bar when and if he pays the tax, or when and if the tax shall be collected," seem to point to an action at law to recover the tax as the only remedy.

In view of the authorities, I cannot hold that any interference by injunctive process with the attempt of the collector to seize complainant's securities is permissible. I understand it to be conceded by the complainant that no injunction can be granted against the collector, and he has consented to a dismissal of the suit as against him. An injunction against the defendants would in effect impale them upon one or the other of the horns of a dilemma. If they obeyed the injunction, they would be bound to resist a public officer, who was proceeding to execute a warrant of distraint after an assessment. If they did not obey the injunction, they would be in contempt of this court. A suit for interpleader would seem to be impossible, because it involves for its very enforcement an injunction against the collector, which has already been held unlawful under substantially the facts of the present case.

The decision of Judge Carpenter in the recent case of Peacock v. Lehmann (no opinion filed), referred to in complainant's brief, does not seem in accord with the decision of the Supreme Court in Graham v. Du Pont, supra, and the Circuit Court of Appeals of this circuit in the case of Seaman v. Bowers, 297 Fed. 371.

The taking of any securities, or proceeds of securities, by the collector from the defendants, would certainly not be a voluntary act on their part, and the holders of the securities, if they were compelled by vis major to part with the property, could not be regarded as converters. However illegal may be the action of the collector, his seizure as a public officer would seem to be a protection to the holders of the securities. I am not suggesting that the seizure by the collector is not a trespass upon the rights of the complainant; but, however that may be, the latter has a remedy or remedies at law to which, under the decisions, he seems to be confined.

The motion for a preliminary injunction is denied, and the suit is, by consent, dismissed as against the defendant Bowers.