## CONVERSE COOPERAGE & YOCONO CO. v. REINECKE, Collector of Internal Revenue.

District Court N. D. Illinois, E. D. March 1, 1928.

No. 7911.

1. **Internal revenue** ⟁28(2)—Collection of tax assessed in March, 1922, held not barred by limitations.

Collection of tax assessed in March, 1922, *held* not barred by limitations in Revenue Act 1921, § 250(d) (Comp. St. § 6336⅛tt[d]); case being governed by provisions of limitations of Revenue Acts of 1924 and 1926, §§ 277, 278 (26 USCA §§ 1057–1062; Comp. St. §§ 6336⅙zz[4], 6336⅙zz[5]), where tax became due prior to enactment of Revenue Acts of 1924 and 1926, but the then existing limitations had not become effective to bar collection.

2. **Internal revenue** ⟁28(3)—Injunction does not lie to restrain collection of tax on ground it is barred by limitations.

Injunction does not lie to enjoin collection of tax on ground that collection is barred by limitations, since plaintiff has an adequate remedy at law.

Suit by the Converse Cooperage & Yocono Company against Mabel G. Reinecke, Collector of Internal Revenue, to enjoin the issuance and service of a distress warrant to collect a tax. Motion for restraining order denied, and bill dismissed.

LINDLEY, District Judge. Plaintiff seeks to enjoin the issuance and service of a distress warrant by the Collector of Internal Revenue to collect a tax assessed some time in the month of March, 1922, upon the ground that the statute (Revenue Act of 1926, § 1106[a]; 26 USCA § 1249[a]) has

created a bar to the collection of the tax by virtue of a limitation therein inserted, which section, it is asserted, not only may be pleaded as a bar, a personal bar, but also as an actual extinguishment of the cause of action. The section seems to be so worded, but the material question is whether the assessment is to be governed by the limitation in the law of 1921 (Revenue Act of 1921, § 250[d]; Comp. St. § 6336⅛tt[d]), or the limitation of the laws of 1924 (Revenue Act of 1924, §§ 277, 278; 26 USCA §§ 1057–1062; Comp. St. §§ 6336⅛zz[4], 6336⅛zz[5]) and 1926 (Revenue Act of 1926, §§ 277, 278 [26 USCA §§ 1057–1062]).

[1] I am of the opinion that this case is governed by the provisions of the limitations of the laws of 1924 and 1926; true it is that the tax became due prior to the enactment of the law on either of those dates, but at the time when the act of 1924 was enacted the then existing statute of limitations had not become effective; that is, the period of time during which the tax might have been levied and collected had not yet expired. Congress passed that law providing that the tax might be collected within six years after the tax was assessed, and, as I interpret it, provided by the same law that the assessment might be made within five years of the return. If that interpretation is correct, then this tax is not barred, for the tax was assessed within five years after the filing of the return, and six years have not expired since the tax was assessed.

The reasoning of Judge Sibley of the Northern District of Georgia, in the case decided August 3, 1912, In re The McClure Co., Bankrupt, seems to me logical, and his decision sound in every respect. As I interpret his decision, he has disposed of the contentions of the plaintiff unfavorably to the plaintiff. There are other decisions to the same effect, and there are some decisions to the contrary, but I am free to confess that the reasoning of the latter does not appeal to me. [2] The defendant asserts also that the plaintiff may not enjoin this tax, because Congress has provided that taxes may not be enjoined, and it appears that the plaintiff has an adequate remedy at law.

The Supreme Court of the United States, in the case of Graham v. Du Pont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965, held that, under section 3224 of the Revised Statute (26 USCA § 154; Comp. St. § 5947), a tax cannot be enjoined on the ground that the assessment is illegal, or upon the ground that the assessment and the right to distrain are barred by the statutory limitations, and that

the taxpayer should pay the tax and bring his suit to recover the same. The Supreme Court considered the remedy as provided by Congress an adequate remedy at law, and refused to entertain a suit to enjoin the collector where it was sought to collect a tax, even though the defense was the statute of limitations, and, while I may not approve of the policy of Congress to impose upon taxpayers the hardship of paying money into the Treasury Department and then suing to recover, and may believe such to be a rather harsh procedure, yet, if the Supreme Court is of the opinion that remedy is adequate, it does not lie within my jurisdiction to hold otherwise. If there is to be another remedy for the taxpayer, it must come from Congress and not from the courts.

Accordingly, the motion for a restraining order will be denied, and the motion to dismiss the bill will be allowed, and an exception will be preserved to the plaintiff.