**MELLON, Secretary of Treasury, et al. v. MERTZ.**

No. 6515.

United States Court of Appeals for the District of Columbia.

Argued Jan. 9, 1936.

Decided Feb. 24, 1936.

E. E. Angevine, Sp. Asst. to the Atty. Gen., and Leslie C. Garnett, U. S. Atty., and John W. Fihelly, Asst. U. S. Atty., both of Washington, D. C., for appellants.

George E. H. Goodner, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

GRONER, Associate Justice.

Appellee was a resident of Washington City. On March 15, 1921, he filed his 1920 income tax return, showing no tax to be due. The Commissioner found that $15,-591.58 was due. Appellee appealed, and the Board of Tax Appeals reduced the tax to $6,533.07. The Commissioner acquiesced, and, after applying sundry amounts of overassessed tax payments made by appellee in the years 1917, 1919, and 1922, determined appellee's liability in the amount of $5,582.63. Appellee refused to pay, and the Collector of Internal Revenue (one of appellants) threatened to distrain and sell appellee's property to discharge the tax liability. Appellee thereupon commenced this proceeding to restrain the Collector, the Commissioner of Internal Revenue, and the Secretary of the Treasury from enforcing payment of the tax, and sought an order compelling them to make refunds of the overpayments for preceding years.

The Secretary of the Treasury and the Commissioner of Internal Revenue filed a joint motion to dismiss, and the Collector of Internal Revenue filed a motion to quash the service. The grounds of the motion to dismiss were that the plaintiff had a plain, adequate, and complete remedy at law, and that section 3224 of the Revised Statutes of the United States (26 U.S.C.A. § 1543) prohibits the maintaining in any court of a suit for the purpose of restraining the assessment or collection of a federal tax.

The motion of the Collector to quash was on the ground that he was a resident and citizen of the state of Maryland, and that service of process was made upon his deputy in Washington City.

Orders of substitution, except as to the Secretary, have been properly entered, and the appellants against whom the appeal has not abated are the present Commissioner of Internal Revenue and the Collector in the Maryland district.

The court below granted a permanent injunction, but held against appellee's claim to a refund. No appeal was taken by appellee from the decree in the latter respect, and that part of the decree is not before us. This leaves only the question: Can this suit, having for its purpose the restraining of the collection of a federal

tax, be maintained in contravention of section 3224 of the Revised Statutes?[1] Appellee insists that the answer should be in the affirmative, because, he says, the tax demanded of him was barred by the statute of limitations; that under section 1106 (a) of the Revenue Act of 1926, in force when his suit was begun, his liability to pay any tax was extinguished.[2] He, therefore, insists the effect of the section was to destroy the tax and that, as a result, the Collector is attempting to collect what is no longer a tax.

But this same proposition was denied effect in Snyder v. Marks, 109 U.S. 189, 3 S.Ct. 157, 27 L.Ed. 901, decided more than fifty years ago, and the rule announced there has been consistently followed ever since. In the Snyder Case it was said that the inhibition of section 3224 applies to all assessments of taxes made under color of their offices by internal revenue officers charged with the general jurisdiction of the subject of assessing taxes. The remedy, the court pointed out, is a suit to recover the tax after it is paid; and this remedy is exclusive. There, as here, the bill in equity was grounded on the charge that the tax was illegally assessed. All subsequent decisions are to the effect that, if the assessment is of a tax for revenue purposes, made and attempted to be enforced by the proper revenue officers of the United States under color of their offices, its collection cannot be restrained by injunction. See, particularly, Dodge v. Osborn, 240 U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557; Dodge v. Brady, 240 U.S. 122, 36 S. Ct. 277, 60 L.Ed. 560; Bailey v. George, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816; Graham v. Du Pont, 262 U.S. 234, 43 S. Ct. 567, 67 L.Ed. 965; Burnet v. Chicago Railway Equipment Co., 282 U.S. 295, 303, 51 S.Ct. 137, 75 L.Ed. 349; Phillips v. Commissioner, 283 U.S. 589, 595, 596, 599, 51 S.Ct. 608, 75 L.Ed. 1289; Seaman v. Bowers (C.C.A.) 297 F. 371; McDowell v. Heiner (D.C.) 9 F.(2d) 120; Id. (C.C.A.) 15 F.(2d) 1015; Thornhill Wagon Co. v. Noel (D.C.) 17 F.(2d) 407.

Nor is there anything in Rickert Rice Mills, Inc. v. Fontenot, Collector, 56 S.Ct. 374, 80 L.Ed. ——, decided by the Supreme Court January 13, 1936, which lessens the binding force of these decisions. In that case the Supreme Court granted an injunction (after certiorari allowed) to restrain collection of a tax assessed under the provisions of the Agricultural Adjustment Act of 1933, 7 U.S.C.A. § 601 et seq. In United States v. Butler, 56 S.Ct. 312, 80 L.Ed. —— (January 6, 1936), it held the Agricultural Adjustment Act unconstitutional; and in the Rickert Case it justified the granting of the injunction notwithstanding section 3224, on the ground that the tax imposed by the Agricultural Adjustment Act was not a true tax, but a means for effectuating the regulation of agricultural production; a matter not within the powers of Congress. The same distinction had been made in Hill v. Wallace, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822. But the rule in Hill v. Wallace was held in Graham v. Du Pont, supra, not to apply to facts there, in all material respects identical with those here.

Appellee has a plain, adequate, and complete remedy at law for the recovery of the tax after it is paid, if illegally exacted, and there is nothing in section 1106 (a) of the Revenue Act of 1926 (see footnote 2) which militates against this right; firstly, because this section was repealed by section 612 of the Revenue Act of 1928 (45 Stat. 875) as of the date of the enactment of the Revenue Act of 1926, "Congress thus indicated its intention that the section should be erased from the books as though it had never been enacted," Helvering v. Newport Company, 291 U.S. 485, 489, 54 S.Ct. 480, 481, 78 L.Ed. 929; and, secondly, because it is obvious that that portion of section 1106 (a) which provided that no credit or refund shall be allowed unless the taxpayer has overpaid the tax applied only to voluntary refunds by the Commissioner. It had no relation to a suit begun against the Collector individually to recover the amount of a tax illegally exacted. Thornhill Wagon Company v. Noel, supra.

Reversed and remanded, with instructions to dismiss the bill.

[1] Rev.St. 3224 (26 U.S.C.A. § 1543). "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

[2] (Revenue Act of 1926, 44 Stat. 113) "The bar of the statute of limitations against the United States in respect of any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no credit or refund in respect of such tax shall be allowed unless the taxpayer has overpaid the tax * * *."