OKLAHOMA TAX COMMISSION
v. HARRIS.

No. 29890. April 21, 1942.

Rehearing Denied June 16, 1942.

*126 P. 2d 685.*

F. M. Dudley, A. L. Herr, and C. D. Stinchecum, all of Oklahoma City, for plaintiff in error.

W. K. Garnett and Chas. H. Garnett, both of Oklahoma City, for defendant in error.

OSBORN, J. V. V. Harris, hereinafter referred to as plaintiff, instituted this action in the district court of Oklahoma county against the Oklahoma Tax Commission, hereinafter referred to as defendant. Plaintiff sought to enjoin defendant from enforcing an order assessing additional income taxes against him for the year 1933. Defendant demurred to plaintiff's petition. The demurrer was overruled and defendant elected to stand on its demurrer, whereupon judgment was entered in plaintiff's favor enjoining defendant from attempting to collect the taxes, penalty, and interest assessed against plaintiff. From said judgment, defendant has appealed.

It is plaintiff's contention that the order of defendant assessing the income taxes herein involved against him is void on its face for the reason that the statutory bar of limitations had fallen against it. It is argued that, since the Tax Commission is a body of limited

power and jurisdiction, the statute of limitations hereinafter referred to had the effect of depriving the commission of jurisdiction or power to enter a valid assessment order, and therefore the plaintiff was entitled to injunctive relief. The pertinent facts are alleged by plaintiff to be as follows:

"That on or before the 15th day of March, 1934, he filed with the Oklahoma Tax Commission of the State of Oklahoma as then constituted his income tax return for the year 1933 under provisions of House Bill No. 1 of the Fourteenth Legislature, Special Session, chapter 195, pages 425 to 456, Session Laws of 1933, upon which he showed a net income subject to tax of $1,146.37, and upon which he paid the tax imposed upon such income by statute in the sum of $11.47; that thereafter and on February 8, 1940, said Oklahoma Tax Commission by its order duly made and entered on that date assessed additional income tax against plaintiff for said year 1933 in the sum of $2,616.98, and interest thereon in the sum of $942.11; and that a full, true and correct copy of the order of said defendant assessing said amount of additional tax and interest is attached hereto, marked Exhibit 'A' and made a part hereof."

Plaintiff's argument that the assessment was barred by limitation is predicated upon subsection (d), sec. 27, ch. 195, Session Laws 1933, which provides as follows:

"(d) Except as provided in paragraph (e) of this section, the amount of income taxes levied by any provision of this act shall be assessed within two years after the return was filed, and no proceeding, by tax warrant or in court, without assessment for the collection of such taxes, shall be begun after the expiration of such period."

Defendant contends that injunction cannot be maintained for the reason that plaintiff has a plain, speedy, and adequate remedy at law. In support of the general rule the following cases are cited: Black v. Geissler, 58 Okla. 335, 159 P. 1124; Duling v. First Nat. Bank of Weleetka, 71 Okla. 98, 175 P. 554; Going v. Carter Oil Co., 88 Okla. 222, 214 P. 922; McCoy v. Childers, 124 Okla. 256, 256 P. 25.

Section 39, art. 6, ch. 66, Session Laws 1935, provides for the creation of a right of action "to afford a remedy at law for any taxpayer aggrieved by the provisions of this act or the provisions of prior income tax laws." It is provided that the taxpayer shall pay the tax and give notice of intention to file suit for the recovery of same; that the tax shall be segregated and held for 30 days, and if suit is filed, said funds shall be further held pending the outcome of the suit; that if the taxpayer prevails, the money adjudged to be due him shall be refunded plus interest at the rate of 3 per centum per annum. Said act further provides:

"(b) This section shall afford a legal remedy and right of action, in any state or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this act or prior income tax acts, as to the legality of any tax accrued or accruing under any of said acts or the method of enforcement thereof. In all actions brought in the state courts, the venue thereof shall be in the county in which is located the State Capitol of the State of Oklahoma. In all such actions service of process upon the chairman, or, in his absence, any member of the commission, shall be sufficient service, and the Oklahoma Tax Commission shall be the sole, necessary or proper party defendant in any such suit.

"(c) This section shall be considered to provide a legal remedy in the state or federal courts, by action at law, in case such taxes are claimed to be unlawful."

This section appears to be a substantial re-enactment of section 39, ch. 195, Session Laws 1933.

Section 26, art. 2, ch. 66, Session Laws 1939, provides for an appeal by any taxpayer aggrieved by any order, ruling or finding of the Tax Commission, directly to the Supreme Court. As a condition precedent to the right to prosecute such an appeal, it is provided that the taxpayer shall pay the amount assessed to the Tax Commission to be held in a segregated fund, and in the event the order assessing the tax, pen-

alty, and interest is reversed or modified, the amount so erroneously assessed shall be refunded to the taxpayer, with interest thereon at 3 per cent per annum. It is further provided that in lieu of the cash payment the taxpayer may file a bond in double the amount of the tax, additional tax, penalty and interest so assessed, conditioned that he will faithfully and diligently prosecute the appeal and in the event of affirmance of the order or judgment of the Tax Commission, will pay the amount assessed against him. Said section further provides:

"This section shall be construed to provide a legal remedy by action at law in cases where any tax, or the method of collection or enforcement thereof, or any order, ruling, finding or judgment of the Tax Commission are complained of, or are sought to be enjoined in any action in any court of this state or the United States of America."

It is conceded by the plaintiff that the remedies provided by the statutes above referred to were available to him, but it is insisted that since the assessment of the tax was barred by limitations, the commission was without jurisdiction, the assessment was a nullity and the rule that an injunction cannot be maintained where a plain, speedy, and adequate remedy at law is provided is not applicable. It does not appear that our court has passed upon the precise point raised by plaintiff, but the question has been before the federal courts on numerous occasions where the issues of law and fact were practically identical with the issues presented here. In 108 A. L. R. 195, appears the following note:

"A tax may not be enjoined on the ground that the assessment and the right to distrain or collect are barred by statutory limitations, where there exists a remedy at law to recover the tax paid. Graham v. Du Pont (1922) 262 U. S. 234, 67 L. Ed. 965, 43 S. Ct. 567; Bashara v. Hopkins (1923; D.C.) 290 F. 592 (affirmed in 1923; C.C.A. 5th) 295 F. 319, which has rehearing denied in (1924) 265 U. S. 584, 68 L. Ed. 1191, 44 S. Ct. 459); Hernandez v. McGhee (1923; C.C.A. 8th) 294 F. 460 (reversing decree granting temporary injunction upon condition of plaintiff's filing indemnity bond); Seaman v. Bowers (1924; C.C.A. 2d) 297 F. 371; Sigman v. Reinecke (1924; C.C.A. 7th) 297 F. 1005 (writ of certiorari denied in (1924) 264 U. S. 597, 68 L. Ed. 868, 44 S. Ct. 454); Witherbee v. Durey (1924; D.C.) 296 F. 576; Seaman v. Guaranty Trust Co. (1924; D.C.) 1 F. 2d 391; Cadwalader v. Sturgess (1924; C.C.A. 3d) 297 F. 73 (writ of certiorari denied in (1924) 265 U. S. 584, 68 L. Ed. 1192, 44 S. Ct. 459); Thornhill Wagon Co. v. Noel (1926; D.C.) 17 F. 2d 407; Converse Cooperage & Y. Co. v. Reinecke (1928; D.C.) 26 F. 2d 747; Ellay Co. v. Bowers (1928; C.C.A. 2d) 25 F. 2d 637 (writ of certiorari denied in 1928) 277 U. S. 606, 72 L. Ed. 1012, 48 S. Ct. 601); Mellon v. Mertz (1936) 65 App. D.C. 266, 82 F. 2d 872.

"In Graham v. Du Pont (1922) 262 U. S. 234, 67 L. Ed. 965, 43 S. Ct. 567, the Supreme Court reversed a decree granting a temporary injunction restraining the levy of a distraint to collect a tax on income, sought on the ground that the assessment and the right to distrain were barred by the statute of limitations. The court said that the complainant could not, by delaying his payment until his right to sue to recover back expired, make a case so extraordinary and exceptional as to render inapplicable the statute forbidding the granting of such injunctions."

In the case of Cadwalader v. Sturgess, supra, it was said:

"The Congress, by tax measures enacted from time to time, provides the revenue with which the national government is sustained. It is necessary to the maintenance of the government that the collection of taxes imposed for this purpose shall not be hindered or delayed, either by those who are charged with their payment, or by the courts in their behalf. Therefore, the law requires, broadly, that all taxes, even those 'erroneously or illegally assessed,' shall be paid when due. The Congress knew, of course, that injustice would occasionally be done by the enforcement of this necessary rule. Therefore, it prescribed a method by which one who has paid a tax 'erroneously or illegally assessed or collected' may re-

cover it. This method contemplates, first, payment of the tax. It then provides for an application to be made by the aggrieved taxable and addressed to the Commissioner of Internal Revenue for refund of the tax. If his application be granted, his grievance has been satisfied; if it be rejected, he may bring suit against the collector in a court of law to recover the amount of the tax and there succeed or fail according to the merits of his case. These proceedings have often been referred to by the Supreme Court as 'a complete and exclusive system of corrective justice' and as providing the sole remedy for a taxpayer against the illegal and erroneous assessment and collection of taxes. Evidently,' this method was established 'under the right belonging to the government to prescribe the conditions on which it would subject itself to the judgment of the courts in the collection of its revenues. In the exercise of that right, it declared by section 324 (3224) R. S., that its officers shall not be enjoined from collecting a tax claimed to have been unjustly assessed, when those officers, in the course of jurisdiction over the subject-matter in question, have made the assessment and claim that it is valid.'

"This has long been the view of the Supreme Court. State R. R. Tax Cases, 92 U. S. 576, 23 L. Ed. 663; Snyder v. Marks, 109 U. S. 189, 3 Sup. Ct. 157, 27 L. Ed. 901; Shelton v. Platt, 139 U. S. 591, 11 Sup. Ct. 646, 35 L. Ed. 273; Pittsburg Ry. v. Board of Public Works, 172 U. S. 32, 19 Sup. Ct. 90, 43 L. Ed. 354; Pacific Whaling Co. v. United States, 187 U. S. 447, 451, 452, 23 Sup. Ct. 154, 47 L. Ed. 253; Dodge v. Osborn, 240 U. S. 118, 121, 36 Sup. Ct. 275, 60 L. Ed. 557; Graham v. Du Pont, 262 U. S. 234, 43 Sup. Ct. 567, 67 L. Ed. 965. The complainants do not challenge this construction of section 3224, R. S., but deny the application of its provisions to the case at bar on two grounds: The first is that the provision having to do with the collection of a tax by a Collector of Internal Revenue, the Collector in this case has lost jurisdiction over the tax he threatens to collect by reason of his failure to act within the five-year limitation of section 250 (d), supra; the next is, that the five-year limitation for the collection of the tax having expired, the tax itself, whether legally or illegally assessed, has ceased to exist

and the taxable has ceased to be liable for its payment.

"But these are questions on which, in view of the single issue of procedure here involved, we are not called upon to express an opinion. They are, admittedly, questions of law triable some time, somewhere. They are not triable in a court of equity when a court of law is equipped to try them and when it affords a plain and adequate remedy. Dows v. City of Chicago, 11 Wall. 108, 112, 20 L. Ed. 65; Allen v. Pullman's Palace Car Co., 139 U. S. 658, 11 Sup. Ct. 682, 35 L. Ed. 303; section 267 of the Judicial Code (Comp. St., sec. 1244)."

In the case of Ellay Co. v. Bowers, supra, it was said:

"It is claimed that collection of the tax for the year referred to is barred by the limitation of section 250 (d) of the Revenue Act of 1921 (42 Stat. 265) Comp. St. sec. 6336-⅛tt (d), which provides:

" 'No suit or proceeding for the collection of any such taxes due under this act or under prior income, excess profits, or war profits tax acts, or of any taxes due under section 38 of such Act of August 5, 1909, shall be begun, after the expiration of five years after the date when such return was filed.'

"But section 3224 of the Revised Statutes of the United States (26 USCA, sec. 154; Comp. St. sec. 5947) forbids a suit for the purpose of restraining the assessment or collection of any tax due the United States. This section was said to be a wise policy and founded upon the simple philosophy derived from the experience of ages that the payment of taxes had to be enforced by summary and stringent means against even a reluctant and often adverse sentiment. State Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 663. The Supreme Court has recently made clear the effectiveness of section 3224 by refusing an injunction against collecting taxes on the ground that the assessment is illegal. Graham v. Du Pont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965. It pointed out that a taxpayer cannot, by delaying payment of an assessment until his right to sue to recover it back is barred by limitation, make a case so extraordinary and en-

tirely exceptional as to render the section applicable to his suit to enjoin collection by distraint. In that case, the court said:

" 'Nothing could be better settled by the decisions of this court than that neither the accuracy nor the validity of an assessment of a tax can be determined in a suit for injunction to restrain its collection'—citing Snyder v. Marks, 109 U. S. 189, 3 S. Ct. 157, 27 L. Ed. 901; Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557; Pacific Steam Whaling Co. v. U. S., 187 U. S. 447, 23 S. Ct. 154, 47 L. Ed. 253."

Plaintiff contends that the above authorities are inapplicable here for the reason that we have no statute similar to section 3224, R. S. (Comp. St., sec. 5947) which expressly forbids a suit for the purpose of restraining the assessment or collection of a tax. We direct attention to the above-quoted sections of the 1935 and 1939 acts. By providing a legal remedy by action at law for adjudication of all questions, or where any tax or method of enforcement, or order, ruling, finding or judgment of the Tax Commission is complained of, or sought to be enjoined, the Legislature left no doubt of its intent or purpose. In view of the well-established principles of law relating to availability of the remedy of injunction, which the Legislature no doubt had in mind when these statutes were enacted, the above language accomplishes the same purpose as the federal statute involved in the above cases which, in express language, prohibits the issuance of an injunction.

Said remedy is not available to plaintiff, and the trial court erred in overruling the demurrer to plaintiff's petition.

The judgment of the trial court is reversed and the cause remanded, with directions to dismiss the proceeding.

CORN, V. C. J., and BAYLESS, HURST, and DAVISON, JJ., concur. WELCH, C. J., and RILEY, GIBSON, and ARNOLD, JJ., dissent.

---

GIBSON, J. (dissenting). If the order involved here were alleged to be erroneous merely, the majority opinion would reach the correct conclusion and the authorities supporting it would be applicable. But it was alleged that the order was void on its face for the reason that the Tax Commission was without jurisdiction and had no power to enter an order assessing additional income taxes against the taxpayer for the year 1933.

Section 27 (d), ch. 195, S. L. 1933, reads as follows:

"Except as provided in paragraph (e) of this Section, the amount of income taxes levied by any provision of this Act shall be assessed within two years after the return was filed, and no proceeding, by tax warrant or in court, without assessment for the collection of such taxes, shall be begun after the expiration of such period."

It was alleged that the order of additional assessment was not entered within the two-year period mentioned in section 27 (d) or within any extension provided for in paragraph (e). The demurrer admitted these allegations.

If the order in the instant case was void on its face, an appeal therefrom would not afford an adequate and speedy remedy. Orders or judgments of courts or boards, void on their face, do not come within the rule that appeal affords an adequate remedy. Neither does the payment of the sum thereby demanded, and suit to recover the same, afford an adequate remedy. An order or judgment, void on its face, whether promulgated by a court or by an administrative board, reflects conclusively the want of due process of law. To exact money thereunder, whether by way of temporary deposit or by permanent payment, as a condition to the right to abrogate the same, would be to deprive a party of his property without due process of law.

I find nothing in the act under consideration to indicate that the Legislature intended wholly to abrogate the right given by 12 O. S. 1941 § 1397, to enjoin the collection of an illegal tax.

There is no indication therein of an intention to require the taxpayer to give up his money in compliance with an order wholly void on its face. Such an order is of no force or effect whatever.

The majority opinion relies largely on Cadwalader v. Sturgess, 297 Fed. (3d C.C.A.) 73, as a case involving a similar situation, and as authority for the contention that the statute now under consideration affords an. adequate remedy.

I am unable to agree that the cited case is in point. There the Commissioner of Internal Revenue in due time assessed an additional income tax against the taxpayer. A protest or claim for abatement of the revised assessment was filed within statutory time, and certain proceedings had thereon extending over a period of more than five years. Notice and demand for payment was made, and the taxpayer, instead of paying the sum demanded and proceeding by suit to recover the same as required by the statute, went into equity to restrain the threatened collection, alleging that such collection was prohibited by the five-year limitation contained in the statute. The limitation in question there reads as follows:

"No suit or proceeding for the collection of any such taxes due under this act . . . shall be begun, after the expiration of five years after the date when such return was filed."

The court refused to pass upon the legality of the assessment or threatened collection of the tax, but held that the remedy provided by the act was adequate, and that injunction would not lie in view of. section 3224, R. S., which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." It was further held that the question whether the collection was legal after the expiration of the five-year limitation could be tried in the action at law for the refund of the amount paid.

Void orders of state assessing boards are subject to collateral attack; but when acting in good faith and within their jurisdiction their orders are not subject to annulment by injunction. 61 C. J. 758-759, § 985. The reverse is true. If such boards exceed their jurisdiction, their orders are subject to injunction. Roberts, County Treas., v. Fair, 174 Okla. 139, 50 P. 2d 152. In that case the county treasurer, proceeding under the tax ferret law, assessed as omitted property certain real estate allegedly appearing on the rolls as grossly undervalued for assessment. Though the statutes authorize appeal in such case (68 O. S. 1941 §§ 481, 482), the court held that the act of the treasurer was wholly outside his statutory authority, and that the district court had jurisdiction to enjoin such act.

It is to be noted that the limitation in the federal statute is directed wholly at the collection of any tax due under the act, while our section 27 (d), supra, is directed at the assessment and at the collection also. It is further revealed in Cadwalader v. Sturgess, supra, that the period of five years had not elapsed between the time the tax was assessed and became due and the time the suit for injunction was commenced. Therefore, it was not shown that the officers were attempting to collect the tax after the time limited therefor had expired. Neither were they acting under an order void on its face. Had they been so acting, the decision might have been different.

Therefore, if the order here under consideration was actually void on its face, in my opinion the plaintiff taxpayer has pursued the proper remedy.

As said above, the order shows that the assessment, within the meaning of the statute, was not made within two years.

The initial element of consideration in such case is that "statutes requiring or authorizing a levy of taxes are to be construed most strongly against the government and in favor of its citizens." Rollins v. Heuman, 171 Okla. 435, 43 P. 2d 147. And another rule of primary consideration is, "public officers have only such authority as is conferred upon

them by law, and such authority must be exercised in the manner prescribed by law." Shaw v. Grumbine, 137 Okla. 95, 278 P. 311.

The provisions in section 27 (d), supra, were clearly intended as a limitation on the jurisdiction of the commission. It can assess no income tax after two years from the date the return is filed. That it was intended to deprive the commission of further power over the subject matter is made clear by the language employed in paragraph (e) of section 27, wherein it is provided:

"Where, before the expiration of the time prescribed in paragraph (d) for the assessment of the tax, both the commission and the taxpayer have consented, in writing, to its assessment after such time, the tax may be assesed at any time prior to the expiration of the period agreed upon, . . ."

These provisions require the commission to act within two years, either by commencing actual proceedings to assess the tax (see Protest of Pentecost & Hodges, Inc., 186 Okla. 390, 98 P. 2d 606), or by obtaining from the taxpayer within the two years a written agreement that the assessment may be made after the expiration of the period. The written agreement is analogous to commencing the proceedings for assessment within the two-year period.

The above provisions are clear and unambiguous. If a doubt as to their meaning existed; if the limitation of time could be interpreted both as a limitation of jurisdiction and as a defense in bar subject to waiver, we should apply the rule that "where a statute imposing a tax is susceptible of two constructions, if the legislative intention is in doubt, the doubt as a rule should be resolved in favor of the taxpayer." But I think there is no occasion here to apply that rule in order to uphold the plaintiff's contention, for in my opinion the statute is susceptible of but the one construction above.

I therefore respectfully dissent.